James BARTON, et al., Plaintiffs,

v.

J. Chandler PETERSON, et al., Defendants.

Civ. A. No. 1:87–CV–1871–JOF.

United States District Court,
N.D. Georgia.

Oct. 20, 1988.

Roy Harold Meeks, Jr., Peterson, Young, Self & Asselin, Penelope Williams Rumsey, Austin Lee Ramsey, Atlanta, Ga., for plaintiffs.

John L. Taylor, Jr., Vincent, Chorey, Taylor & Feil, Thomas J. Gallo, Harkleroad & Hermance, Atlanta, Ga., Frances M. Toole, Bush, Ross, Gardner, Warren & Rudy, Tampa, Fla., for defendants.

## ORDER

FORRESTER, District Judge.

This action is before the court on numerous motions by the parties. Plaintiffs have filed a motion to disqualify the defendants' attorneys and a related motion for sanctions. Defendants have filed a motion to transfer this case to Judge Shoob in this court. Plaintiffs have filed a motion for extension of time of the discovery period, to which all defendants have consented. The last motion before the court is plaintiffs' attorney's motion to withdraw.

■ Plaintiffs' motion to disqualify defendants' attorneys was filed January 11, 1988. An order was entered on March 24, 1988 staying the motion to disqualify the defendants' attorneys pending a discovery and briefing schedule set out in the order. On March 25, plaintiffs moved for sanctions for the motion to disqualify. In defendants' response to plaintiffs' supplemental brief in support of their motion to disqualify filed March 8, 1988, defense counsel requested that this court allow defendants' firm, Harkleroad & Hermance, to withdraw. In this court's review of the record, it appears that no order was ever entered allowing Harkleroad & Hermance to withdraw as attorneys. On May 27, 1988, John L. Taylor, Jr. and Vincent, Chorey, Taylor & Feil entered an appearance as attorneys for the defendants, stating that they are substituting themselves in place of Harkleroad & Hermance who have withdrawn.

It appears to the court that all the parties are conducting themselves as if Harkleroad & Hermance have withdrawn from the case. Plaintiffs' motion for disqualification is therefore DENIED as moot.

Plaintiffs have brought a motion for sanctions based on their motion to disqualify. The basis of this motion is that defense counsel unjustifiably refused to withdraw voluntarily and plaintiffs' counsel was forced to file a motion to disqualify. Plaintiffs seek their costs in preparing and prosecuting the motion to disqualify.

This lawsuit was filed in August of 1987. The plaintiffs were investors in a limited partnership named Capital: Maple Leaf Estates, Ltd. They allege that the defendants, all associated with defendant Peterson, were responsible for misappropriating funds from Capital: Maple Leaf and for securities violations. Harkleroad & Hermance, then Harkleroad & Hardy, represented the Peterson defendants at the time of the transactions involved in this suit. When problems arose with the Maple Leaf partnership, Harkleroad & Hermance formed Capital Sunbelt Investors Protection Corporation (CSIPC), owned by some, but not all, Maple Leaf investors. Frank Chamberlain, a plaintiff here, was its president. The purpose of CSIPC was to recover money invested by the Maple Leaf investors. John D. Burkey and S.T. Patrick assigned stock and other assets to a Peterson company, Phoenix Strategy. Burkey and Patrick filed bankruptcy and sought to set aside the assignments. The stock had been transferred from the Peterson company, Phoenix Strategy, to CSIPC. In an adversary proceeding as part of the bankruptcy case seeking to recover the assets, Burkey and Patrick named Phoenix Strategy, CSIPC, Chamberlain and other Maple Leaf investors as defendants. Harkleroad & Hermance was retained by Phoenix Strategy to represent CSIPC, Chamberlain as its president, and the individual investors. Plaintiffs base their motion for disqualification and this motion for sanctions on this prior representation.

■ Prior representation alone is not automatically grounds for disqualification.

In order to disqualify on these grounds, the party seeking disqualification must prove it once had an attorney client relationship with the opposing lawyer and that the subject matter of the two transactions is substantially related. *Cox v. American Cast Iron Pipe Co.*, 847 F.2d 725 (11th Cir.1988); *Cossette v. Country Style Donuts, Inc.*, 647 F.2d 526 (5th Cir.1981).

Plaintiff has presented a transcript of a bankruptcy hearing in the adversary case in which Thomas Gallo, a member of Harkleroad & Hermance, stated that he represented certain companies and individuals. Among those individuals were ten plaintiffs in this action, Barton, Chamberlain, W.E. and G.C. Connolly, Cornish, Jun, Kirkconnell, Fillastre, Odell, and Blank. Plaintiff's Exhibit B, pp. 7–12. The plaintiffs have not included the entire transcript from the bankruptcy hearing, or any pleadings from that action. From a reading of the portion of the transcript presented, the bulk of the argument and testimony concerned the transfer of stock to Peterson Strategy and then to CSIPC. The court stated that the key question before the court was whether the stock was part of the bankrupts' estate and whether the transfer was fraudulent or preferential. Plaintiff's Exhibit B, p. 56. According to defense counsel, the claims against the individual investors were summarily dismissed by the bankruptcy court because they did not hold the bankrupts' property. Response of Defendants J. Chandler Peterson and Phoenix Financial Corporation to Plaintiffs Motion for Sanctions, at 3.

Plaintiffs have also presented a deposition taken of Frank Chamberlain as president of Capital Sunbelt Investors Protection Corporation on July 10, 1986 in connection with the same bankruptcy case. Plaintiff's Exhibit A. In the deposition, Mr. Gallo represented CSIPC and Mr. Chamberlain as its president. The deposition testimony includes Chamberlain's recollections on the formation of CSIPC, his relationship to the Peterson companies, the delivery of the stock certificates, and any meetings with Burkey or Patrick. A portion of the deposition includes Chamberlain's discussion of his beliefs and information on the misappropriation and mismanagement that forms the basis of this suit. Plaintiff's Exhibit A, pp. 62–67. There are also certain places where Chamberlain says he relied on counsel for advice on the execution of the organizational documents of CSIPC. Exhibit A, p. 73. Gallo also asserted attorney client privilege at one point as to communications between the corporation and counsel. Exhibit A, p. 11.

The bankruptcy transcript reveals that the issue in that case was limited to the validity of the transfer of the stock under the bankruptcy laws. It did not directly deal with the misappropriation and mismanagement that forms the basis of the present action. Furthermore, Harkleroad & Hermance voluntarily withdrew before substantial discovery on the disqualification issue was conducted, as contemplated in this court's March 24 scheduling order. The little evidence before the court from the bankruptcy proceeding and the lack of other evidence on the relationship between the bankruptcy proceeding and the present action makes it difficult at this juncture to determine whether the motion to disqualify would have been granted on that ground.

However, Harkleroad & Hermance based their voluntary withdrawal on the fact that they had represented Ms. Budnik, a plaintiff here, when she repurchased Maple Leaf interests from her clients when the financial problems arose. This repurchase is the basis of her claim in this action. The withdrawal was requested on March 8, 1988, after the firm had reviewed their files in conjunction with the motion to disqualify. Therefore, it appears that a substantial relationship did exist between the two actions in regard to this plaintiff, and presumably the motion to disqualify would have been granted on this ground.

■ Plaintiffs bring this motion for sanctions primarily under Rule 11. Rule 11 provides that the signature of an attorney or party on a pleading, motion, or other paper is a certificate that the pleading or motion is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification,

or reversal of existing law, and that it is not interposed for any improper purpose. A violation of the rule must be sanctioned, which may include costs and attorney's fees.

Rule 11 does not apply to the present motion for sanctions against the defendants. The basis of the motion is that the plaintiffs were required to file their motion for disqualification originally, and not that the defendants presented any pleading or motion to this court without a basis in fact and law in violation of Rule 11. Therefore, sanctions against the defendants cannot be premised on Rule 11.

■ There are two other potential sources of authority for this court to impose sanctions upon defendants. 28 U.S.C. § 1927 provides that an attorney who "so multiplies the proceedings in any case unreasonably and vexatiously" may be required to personally pay costs and attorney's fees.[1]

This court cannot say that on the above facts, the defendants multiplied the proceedings so unreasonably and vexatiously that they should be personally liable for any expenses of attorney's fees. *See, Knorr Brake Corporation v. Harbil, Inc.,* 738 F.2d 223 (7th Cir.1984) (in order to come under the parameters of 28 U.S.C. § 1927 "counsel must have engaged in serious and studied disregard of the orderly process of justice" and the attorney must intentionally file or prosecute a claim that lacks plausible legal or factual basis, but malice need not be shown).

■ The other alternate source of power to impose sanctions for this situation is through the inherent power of the court to regulate attorney misconduct. The Supreme Court addressed the inherent power of the court in *Roadway Express, Inc. v. Piper,* 447 U.S. 752, 100 S.Ct. 2455, 65 L.Ed.2d 488 (1980). In that case the Court noted that "because inherent powers are shielded from direct democratic controls,

they must be exercised with restraint and discretion." *Id.* at 764, 100 S.Ct. at 2463. "[I]n narrowly defined circumstances federal courts have inherent power to assess attorney's fees against counsel." *Id.* at 765, 100 S.Ct. at 2463. While noting that the general rule in federal courts is that a litigant cannot recover his counsel fees, the Court noted that the rule does not apply when an opposing party has acted in bad faith. *Id.* at 765–66, 100 S.Ct. at 2463–64. The Court quoted from *Alyeska Pipeline Company v. Wilderness Society,* 421 U.S. 240, 257, 95 S.Ct. 1612, 1621, 44 L.Ed.2d 141 (1975), where the Court recognized that attorney's fees can be assessed against a party for willful disobedience of a court order or when the losing party has acted in bad faith, vexatiously, wantonly or for oppressive reasons. Noting that the "power of a court over members of its bar is at least as great as authority over litigants," *Roadway Express,* 447 U.S. at 766, 100 S.Ct. at 2464, the Court held that a court may assess attorney fees against counsel who willfully abused the judicial process. *Id.*

The Eleventh Circuit applies this principle that "in narrowly defined circumstances, federal courts have inherent power to assess attorney's fees against counsel." *Amey, Inc. v. Gulf Abstract and Title, Inc.,* 758 F.2d 1486, 1507 (11th Cir.1985). In that case, the Eleventh Circuit described a bad faith litigation exception as described in *Roadway Express.* The Eleventh Circuit in *Durrett v. Jenkins Brickyard, Inc.,* 678 F.2d 911 (11th Cir.1982), held that under *Roadway Express,* the court's inherent authority to assess attorney's fees against counsel is coextensive with its inherent authority to assess fees against a party. Fees can be assessed when the attorney has conducted litigation in bad faith, vexatiously, wantonly or for oppressive reasons. *Id. See also, Gordon v. Heimann,* 715 F.2d 531 (11th Cir.1983).

---

1. Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

28 U.S.C. § 1927.

Therefore, if this court finds bad faith on the part of defendants, it can assess attorney's fees or sanctions against either the party or counsel. The Eleventh Circuit has stated that "an action is brought in bad faith when the claim is entirely without color and has been asserted wantonly, for the purposes of harassment or delay, or for other improper purposes." *Hashemi v. Campaigner Publications, Inc.*, 784 F.2d 1581 (11th Cir.1986).

In review of the facts as stated above, this court finds that defense counsel's refusal to withdraw voluntarily was not grounded in bad faith. It appears that defense counsel knew of the prior representation of some of the plaintiffs, but prior representation alone is not automatically grounds for disqualification absent a showing that the subject matter is substantially related, or that the attorney received privileged communications. *Cossette*, 647 F.2d at 526. It appears from the record that there was a good faith dispute as to whether the representation of the plaintiffs in the bankruptcy proceeding was substantially related to the present action, or whether any privileged communications had been revealed. In fact, the dispute was concrete enough that this court ordered that discovery proceed as to three plaintiffs to discover their relationship with defense counsel. It also appears to this court that defense counsel withdrew shortly after it discovered that plaintiff Budnik had been substantially represented by defense counsel in the re-purchase of the limited partnership interest and would not consent to continued representation. Therefore, this court cannot find that defense counsel acted in bad faith when they refused to withdraw as counsel for defendants. Plaintiffs' motions for sanctions must consequently be DENIED.

■ Defendants have moved to transfer this case to Judge Shoob. When the present case was filed in August 1987, Judge Shoob had pending a similar case involving nearly all the same defendants and the same investments and issues of fact. Defendants assert that judicial economy and efficiency would be served by transferring the case to Judge Shoob. Plaintiffs oppose the motion to transfer as being untimely. Moreover, plaintiffs point out that several motions have been heard by this court. An order in Judge Shoob's case, *Weprin v. Peterson, et al.*, Civil Action No. 85–4670, was signed August 18, directing the clerk to enter judgment in that case. Defendants assert that at least one major issue is still pending in that case.

Defendants' motion to transfer is DENIED. As the *Weprin* case is nearly over in Judge Shoob's court, judicial economy is not a controlling factor in this consideration.

Plaintiffs have filed a motion to extend the discovery period to October 24, 1988. All defendants have consented. Therefore, plaintiffs' motion is GRANTED. As little or no discovery on the merits of the case has proceeded pending the resolution of the above motions, discovery will extend up to and include November 30, 1988.

The final motion before the court at this time is plaintiffs' attorney's motion to withdraw as counsel for plaintiffs. Counsel has complied with Local Rule 110–5. Therefore, plaintiffs' attorney's motion to withdraw is GRANTED.

### Conclusion

In sum, plaintiffs' motion to disqualify defendants' attorney is DENIED as moot and plaintiffs' motion for sanctions is DENIED. Defendants' motion to transfer is DENIED. Plaintiffs' motion to extend the discovery period is GRANTED, and plaintiffs' attorney's motion to withdraw is GRANTED.[2]

SO ORDERED.

---

2. The court has received defense counsel's August 22, 1988 letter requesting a conference on the issues discussed in this order. If either

party still desires a conference, they should noti-    fy the court.