UNITED STATES of America FOR the USE AND BENEFIT OF UNION LIGHT AND POWER COMPANY, et al.

v.

CAMCO CONSTRUCTION CO., INC., et al.

No. Civ.A. DKC 2001–3084.

United States District Court, D. Maryland.

Sept. 10, 2002.

Eric A. Frechtel, Robert J. Symon, Spriggs and Hollingsworth, Andrew North Cook, Law Office, Lawrence Michael Prosen, Bell Boyd and Lloyd PLLC, Washington, DC, for Plaintiffs.

Carol L. O. Riordan, The O. Riordan Bethel Law Firm, Washington, DC, for Defendants.

## MEMORANDUM OPINION

CHASANOW, District Judge.

Presently pending motions[1] in this breach of contract action are (1) the mo-

---

1. Two motions to seal exhibits were also filed. The exhibits were sealed temporarily, and no opposition has been received. For the rea-

tion of CamCo Construction Co., Inc. (CamCo) to intervene; (2) CamCo's motion to disqualify counsel; and (3) Plaintiff's motion to substitute counsel. For the reasons that follow, the motion to intervene will be denied as unnecessary, Plaintiff's motion to substitute counsel will be granted, rendering the motion to disqualify substantially moot. Sanctions will be denied.

*Background*

Plaintiff, United States of America, for the use and benefit of Union Light and Power Company (Union), represented by Andrew N. Cook and Lawrence M. Prosen of Bell, Boyd & Lloyd, filed suit against CamCo Construction Co., Inc. and Hartford Fire Insurance Co. Prior to service on it, CamCo moved to intervene for the purpose of moving to disqualify counsel and filed a motion to disqualify. Plaintiff responded that CamCo has already appeared in the action, by virtue of consent extensions of time, and thus does not need or warrant a limited appearance. In addition, Plaintiff disputed that disqualification of counsel was appropriate. CamCo continues to seek approval of a limited appearance, and insists that disqualification is appropriate. After those papers were filed, Plaintiff filed a motion to substitute Robert J. Symon, and the law firm of Spriggs and Hollingsworth, as counsel. CamCo does not oppose the motion to permit Spriggs and Hollingsworth to appear as counsel and for Bell, Boyd & Lloyd to withdraw, but continues to seek an order disqualifying the latter firm and two attorneys from participation in this case, to otherwise enjoin them from representing Union in the future, and seeks reimbursement of expenses in filing the motion to disqualify. Plaintiff disputes any need to enter an order of disqualification.

Union's original counsel, from Bell, Boyd and Lloyd, previously represented CamCo in the years 1995 – 1998. The relationship terminated prior to the institution of the current litigation. CamCo asserts that the attorneys had access to and knowledge of CamCo's legal strategies, internal operating procedures, its subcontract administration, and payment procedures in relation to another lawsuit. Other attorneys from Bell, Boyd and Lloyd also provided legal services with regard to other matters, pertaining to policy. CamCo is concerned that confidences disclosed in those earlier relationships could be relevant to the current litigation.

*Analysis*

First, it now appears that CamCo, represented by the same attorney representing Hartford, is prepared to defend the suit once the pending motions are resolved. Accordingly, there is no need to permit the limited appearance requested and the motion to intervene will be denied.

 Second, the motion to disqualify has, for the most part, been rendered moot by the proposed substitution of counsel for Union. Thus, the court need not engage in the difficult assessment necessary to resolve the merits. As aptly stated by Judge Andre Davis in *Zachair, Ltd. v. Driggs,* 965 F.Supp. 741, 750 (D.Md.1997):

> A motion to disqualify is a 'serious matter,' *Plant Genetic Systems [N.V. v. Ciba Seeds,* 933 F.Supp. 514,] at 517 [(M.D.N.C.1996)], which must be decided on a case-by-case basis. *See Buckley v. Airshield Corp.,* 908 F.Supp. 299, 304 (D.Md.1995). This is so because two significant interests are implicated by a disqualification motion: 'the client's free choice of counsel and the maintenance of the highest ethical and professional standards in the legal community.' *Tessier [v. Plastic Surgery Specialists, Inc.,* 731 F.Supp. 724] at 729 [(E.D.Va.1990)];

sons asserted in the motions, the motions to seal are GRANTED.

*Buckley,* 908 F.Supp. at 304. Nevertheless, 'the guiding principle in considering a motion to disqualify counsel is safeguarding the integrity of the court proceedings.' *Plant Genetic Systems,* 933 F.Supp. at 517; *see Hull v. Celanese Corporation,* 513 F.2d 568, 572 (2d Cir. 1975) (finding that a party's free choice of counsel must yield to 'considerations of ethics which run to the very integrity of our judicial process.'). Thus, this court must not weigh the competing issues 'with hair-splitting nicety but, in the proper exercise of its supervisory power over the members of the bar and with a view of preventing an appearance of impropriety, [this Court] is to resolve all doubts in favor of disqualification.' *United States v. Clarkson,* 567 F.2d 270, 273 n. 3 (4th Cir.1977) (internal quotation marks and citations omitted); *Rogers v. Pittston Co.,* 800 F.Supp. 350, 353 (W.D.Va.1992); *Buckley,* 908 F.Supp. at 304.

■ Prior representation does not automatically cause disqualification. Rather, the two matters must be substantially related. *Buckley,* 908 F.Supp. at 304–05.

■ As stated above, CamCo does not oppose Plaintiff's request to substitute attorneys from the firm of Spriggs and Hollingsworth in place of Bell, Boyd and Lloyd, and, accordingly, the motion to substitute will be granted. With the withdrawal of Bell, Boyd and Lloyd, most of the issues concerning disqualification are certainly moot. Defendant continues to seek, however, an order disqualifying them from participation in this action, and prohibiting them from representing Plaintiffs or any party affiliated with Plaintiffs in this case or any case in any federal court involving substantially the same matters, from conveying to any successor counsel or any third party any information obtained from CamCo or as a result of their representation of CamCo, and directing Bell, Boyd and Lloyd to pay CamCo reasonable attorney's fees and costs incurred in pursuing the motion to disqualify counsel.

Plaintiff responded to the substance of CamCo's allegations in its reply, but has not directly addressed whether the additional requests for relief are appropriate. It does assert, however, that "Counsel for Union has not relayed any information to Union or its follow-on counsel regarding any confidences, real or perceived, of CamCo and will not do so in the future."

The primary relief requested by CamCo will be achieved by allowing Bell, Boyd and Lloyd to withdraw, thus rendering a portion of the motion to disqualify moot. *See, e.g. Chronicle Publishing Co. v. Hantzis,* 732 F.Supp. 270, 272 (D.Mass.1990) (Motions to disqualify moot by virtue of withdrawal of counsel. "The conditions of [counsel's] withdrawal and the turnover of its work product to the plaintiff's successor counsel are the issues before the court."); *Barton v. Peterson,* 707 F.Supp. 520, 521 (N.D.Ga.1988); *Huntington v. Great Western Resources, Inc.,* 655 F.Supp. 565, 571 (S.D.N.Y.1987).

■ CamCo continues to seek an order of disqualification, which is unnecessary under the circumstances. Nor would it be appropriate for the court to enter an injunction concerning future cases or representation merely in the words of the canons of ethics. Similarly, counsel have represented that no confidential communications have been revealed, nor will they be. CamCo does not challenge that assertion. Thus, it is unnecessary to enjoin counsel further. The only truly ripe issue is that of sanctions for having to file the motion to disqualify in the first place.

■ CamCo has not stated the basis for its requests that costs and attorney's fees be assessed against withdrawing counsel, but appears to be contending that counsel

was acting in bad faith. There are a limited number of discrete theories under which sanctions may be imposed on counsel: Fed.R.Civ.P. 11, the bad faith exception to the American Rule, and 28 U.S.C. § 1927. Rule 11 doesn't apply here. Under the bad faith exception to the American Rule, a court may award attorneys fees against a losing party or attorney who has " 'acted in bad faith, vexatiously, wantonly, or for oppressive reasons.' " *Alyeska Pipeline Serv. Co. v. Wilderness Soc'y,* 421 U.S. 240, 258–59, 95 S.Ct. 1612, 44 L.Ed.2d 141 (1975) (quoting *F.D. Rich Co. v. Industrial Lumber Co.,* 417 U.S. 116, 129, 94 S.Ct. 2157, 40 L.Ed.2d 703 (1974)). *Blue v. U.S. Dept. of Army,* 914 F.2d 525, 533 (4th Cir.1990).

> Under 28 U.S.C. § 1927:
>
> Any attorney ... admitted to conduct cases in any court of the United States ... who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

"A finding of bad faith must precede any award of attorney's fees under this section. *Williams v. Giant Eagle Markets, Inc.,* 883 F.2d 1184 (3d. Cir.1989)," *Thomas v. Treasury Management Ass'n, Inc.,* 158 F.R.D. 364, 371 (D.Md.1994). " 'Vexatious' conduct involves either subjective or objective bad faith. *Kotsilieris [v. Chalmers],* 966 F.2d [1181] at 1184 [(7th Cir.1992)]." *Pacific Dunlop Holdings, Inc. v. Barosh,* 22 F.3d 113, 120 (7th Cir.1994).

In *Barton v. Peterson,* 707 F.Supp. 520, 522–24 (N.D.Ga.1988), the court faced a similar contention. The court declined to impose sanctions under either 28 U.S.C. § 1927 or the inherent power of the court. The court found:

that defense counsel's refusal to withdraw voluntarily was not grounded in bad faith. It appears that defense counsel knew of the prior representation of some of the plaintiffs, but prior representation alone is not automatically grounds for disqualification absent a showing that the subject matter is substantially related, or that the attorney received privileged communications.... It appears from the record that there was a good faith dispute as to whether the representation of the plaintiffs in the bankruptcy proceeding was substantially related to the present action, or whether any privileged communications had been revealed....

*Id.* at 524.

Likewise, the court finds that Bell, Boyd and Lloyd initially resisted the motion to disqualify in good faith, based on a bona fide dispute over the parameters of the prior representation. Counsel did not multiply the proceedings, as that term applies here [2], nor did they act vexatiously or in bad faith. Accordingly, Plaintiff's motion for sanctions will be denied.

A separate order will be entered.

## ORDER

For the reasons stated in the foregoing Memorandum Opinion, it is this ____ day of September, 2002, by the United States District Court for the District of Maryland, ORDERED that:

1. The motions to seal BE, and the same hereby ARE, GRANTED;

2. CamCo's motion to intervene BE, and the same hereby IS, DENIED;

3. Plaintiff's motion to substitute counsel BE, and the same hereby IS, GRANTED;

---

**2.** *See, DeBauche v. Trani,* 191 F.3d 499, 511 (4th Cir.1999) ("The unambiguous text of § 1927 aims only at attorneys who *multiply* proceedings.").

4. The appearance of Robert J. Symon and Eric A. Frechtel, of Spriggs and Hollingsworth IS HEREBY ENTERED and the appearance of Lawrence Michael Prosen and Andrew North Cook of Bell, Boyd and Lloyd IS HEREBY STRICKEN;

5. CamCo's motion to disqualify counsel BE, and the same hereby IS, DENIED; and

6. The clerk is directed to transmit copies of the Memorandum Opinion and this Order to all counsel.