**Cyrus HASHEMI, Plaintiff-Appellee,**

v.

**CAMPAIGNER PUBLICATIONS, INC., et al., Defendants-Appellants.**

No. 85-8550.

United States Court of Appeals, Eleventh Circuit.

March 26, 1986.

Reid W. Kennedy, Marietta, Ga., A. David Davis, Boston, Mass., for defendants-appellants.

Thomas R. Todd, Jr., Atlanta, Ga., for Cook.

Charles Ratz, Atlanta, Ga., for Pottinger.

Before JOHNSON and HATCHETT, Circuit Judges, and MURPHY*, District Judge.

HATCHETT, Circuit Judge:

In this case involving alleged attorney misconduct, the district court refused to impose sanctions pursuant to Federal Rule of Civil Procedure 11. We affirm.

## FACTS

During July, 1980, Campaigner Publications, Inc., doing business as the Executive Intelligence Review (EIR), along with other news organizations, published articles linking Cyrus Hashemi, an Iranian citizen living in the United States, to a variety of unlawful activities purportedly conducted in furtherance of the revoluntionary efforts of the Ayatollah Khomeini. On September 8, 1980, Hashemi filed an action for defamation, slander per se, and libel per se.

The original complaint was filed against three groups of defendants; however, only the group identified in Hashemi's supplemental complaint filed November 5, 1981, as the "EIR defendants," remained at the time EIR propounded its first interrogatories to Hashemi on August 2, 1982. On January 7, 1983, EIR filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 37(d) on the ground that Hashemi failed to respond to the interrogatories. The district court denied the motion to dismiss when Hashemi answered the interrogatories.

On March 23, 1983, in a second motion to dismiss, EIR asserted three grounds: (1) that Hashemi failed to appear for depositions; (2) that Hashemi failed to make complete responses to interrogatories despite specific directives from the court; and (3) that Hashemi's actions deprived EIR of the discovery essential to mounting a successful defense. On June 29, 1983, the district court granted EIR's second motion to dismiss. On August 1, 1984, this court affirmed. *Hashemi v. Campaigner Publications, Inc.*, 737 F.2d 1538 (11th Cir.1984). On March 1, 1985, EIR filed a motion under Federal Rule of Civil Procedure 11 asking for sanctions against Hashemi and two of his attorneys, Stanley Pottinger and Jackson Cook, including costs and attorney's fees.

EIR filed its Rule 11 motion based on information which came to its attention after this court affirmed the district court's judgment. EIR discovered that Hashemi had been indicted in the United States District Court for the Southern District of New York in connection with an illegal operation to export arms and military spare parts to Iran. The indictment cited Pottinger for having advised Hashemi on how to export the arms. EIR also discovered that a "stipulation of settlement" was approved by the same court on the eve of a trial in an action for securities fraud brought against Hashemi and Cook. Court documents indicated that the dealings between Hashemi and Cook involved fraud and demonstrated a pattern of abuse of the judicial system.

EIR claims that its investigation reveals that Hashemi and his attorneys had a long-term business relationship that was the "predominant relationship between them"; that the business relationship involved unlawful activity; that they used litigation in

* Honorable Harold L. Murphy, U.S. District Judge for the Northern District of Georgia, sitting by designation.

general, and the EIR suit in particular, to avoid prosecution. Finding that Hashemi did not file his complaint or notice of appeal in bad faith, the district court denied EIR's Rule 11 motion for sanctions.

## DISCUSSION

On appeal, EIR contends that the district court erred in: (1) employing the pre-amendment Rule 11 standard; (2) finding that Hashemi's counsel did not act in bad faith; and (3) failing to consider sanctions pursuant to the court's inherent powers or 28 U.S.C. § 1927.

### A. Standard for Rule 11 Sanctions

Before its amendment in 1983, Rule 11 provided for sanctions against an attorney only if it could be shown that he acted in bad faith.[1] *Nemeroff v. Abelson,* 620 F.2d 339, 350 (2d Cir.1980). The amendments abrogated the bad faith standard in favor of a more stringent objective standard.[2] *Eastway Construction Corp. v. City of New York,* 762 F.2d 243 (2d Cir. 1985). The drafters of the amended rule stated that their aim was to "reduce the reluctance of courts to impose sanctions." Fed.R.Civ.P. 11 advisory committee notes.

EIR contends that the district court erred in applying the pre-amendment bad faith standard to determine whether or not to impose sanctions on Pottinger and Cook. Hashemi and Pottinger contend that the district court applied the correct standard because the defamation action was filed and dismissed before the amendments became effective.

EIR fails to cite any authority for its proposition that this court should apply the amended rule without regard to when the underlying action was originally filed. EIR's reliance on *Tedeschi v. Smith Barney, Harris Upham & Co., Inc.,* 579 F.Supp. 657 (S.D.N.Y.1984) is misplaced. In *Tedeschi,* where the defendants moved for Rule 11 sanctions before the enactment of the 1983 amendments, the court stated that "[t]he amendments are not applicable to this motion." *Tedeschi* at 659–60, n. 3. It would be speculative to conclude, based on this statement in a footnote, that if the defendants had filed their motion for sanctions after the effective date of the amended rule, the *Tedeschi* court would have applied the amended rule standards without regard to when the underlying action was filed.

EIR also contends that the amended Rule 11 standards should have been applied "because the case was pending on appeal by the plaintiff at the time the Rule be-

---

1. The pre-amendment Rule 11 read, in pertinent part:

   The signature of an attorney constitutes a certificate by him that he has read the pleading; that to the best of his knowledge, information, and belief there is good ground to support it; and that it is not interposed for delay. If a pleading is not signed or is signed with intent to defeat the purpose of this rule, it may be stricken as sham and false and the action may proceed as though the pleading had not been served. For a wilful violation of this rule an attorney may be subjected to appropriate disciplinary action. Similar action may be taken if scandalous or indecent matter is inserted.

2. Effective August 1, 1983, Rule 11 was amended to read, in pertinent part:

   The signature of an attorney or party constitutes a certificate by him that he has read the pleading, motion, or other paper; that to the best of his knowledge, information, and belief formed after reasonable inquiry it is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law, and that it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation. If a pleading, motion, or other paper is not signed, it shall be stricken unless it is signed promptly after the omission is called to the attention of the pleader or movant. If a pleading, motion, or other paper is signed in violation of this rule, the court, upon motion or upon its own initiative, shall impose upon the person who signed it, a represented party, or both, an appropriate sanction, which may include an order to pay to the other party or parties the amount of the reasonable expenses incurred because of the filing of the pleading, motion, or other paper, including a reasonable attorney's fee.

came effective." In *Blair v. Shenandoah Women's Center, Inc.*, 757 F.2d 1435 (4th Cir.1985), the court applied the pre-amendment bad faith standard after noting that the amendments did not become effective until the case was dismissed. *Blair* at 1437. This holding does not support an inference that, had the case been on appeal at the time the rule became effective, the amended Rule 11 standards would have been applied.

Hashemi filed his action against EIR in September, 1980. The action was dismissed in June, 1983. Rule 11 was amended in 1983. We find no persuasive reason for applying the 1983 Rule 11 standard to Hashemi's 1980 action; therefore, we hold that the district court did not err in applying the "bad faith" standard to EIR's Rule 11 motion for sanctions.

B. Whether Hashemi's Counsel Acted In Bad Faith

■ EIR contends, alternatively, that the district court erred in finding that Cook and Pottinger did not act in bad faith. "An action is brought in bad faith when the claim is entirely without color and has been asserted wantonly, for the purposes of harassment or delay, or for other improper purposes." *Tedeschi*, 579 F.Supp. at 661. The district court denied EIR's Rule 11 motion for sanctions stating:

It is apparently defendant's contention that the indictment and the settlement agreement attached to the motion for sanctions demonstrate that the statement made was true, and plaintiff and his attorney should have known it was true, such that the complaint was filed in bad faith. None of the documents in support of the motion for sanctions pursuant to

rule 11 demonstrate to this court that the published statement of which Mr. Hashemi sued for libel and defamation was true. That being the case, the court cannot say that the complaint was filed in bad faith, and therefore defendant's motion for sanctions under rule 11 is denied.

We hold that the district court's finding that Pottinger and Cook did not act in bad faith in this case is not clearly erroneous.

EIR also contends that in arriving at its determination that Pottinger and Cook did not act in bad faith, the district court erred in imposing on EIR the burden of "persuading the court conclusively as to the underlying libel and defamation action." EIR contends that Hashemi and counsel acted in bad faith because they brought an action for libel and defamation against EIR even though they knew EIR's articles were true. The district court simply found the evidence insufficient to support a finding of bad faith under the theory EIR advanced. This finding was not clearly erroneous. Like the district court, we refuse to speculate whether "bad faith" could have been shown on some other theory.[3]

C. Sanctions Under 28 U.S.C. § 1927 and Inherent Equity Powers

■ EIR next contends that the district court erred by failing to consider imposing sanctions on Hashemi's counsel pursuant to 28 U.S.C. § 1927[4] or under the court's inherent equitable powers. We reject this contention. EIR never asked the district court to impose sanctions pursuant to these theories. Of course, the court could have imposed these sanctions without being prompted by EIR; however, we hold that the district court did not abuse its discretion in failing to do so.

---

3. Although we affirm the district court on the record in this case, we agree with appellants that "bad faith" may be shown on proof short of what is required to prove the underlying case.

4. Title 28 U.S.C. § 1927 states:
Any attorney or other person admitted to conduct cases in any court of the United States or

any territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorney's fees reasonably incurred because of such conduct.

Finally, EIR contends that the district court erred by ruling on the Rule 11 motion without a hearing and prior to receiving Hashemi's response. As EIR concedes, these matters are left to the sound discretion of the district court. We hold that the district court did not abuse its discretion.

## CONCLUSION

The district court did not abuse its discretion in refusing to impose sanctions on Hashemi or his counsel; therefore, we affirm the order of the district court dismissing EIR's motion for sanctions under Rule 11.

AFFIRMED.