PROPHARMA, S.A., Plaintiff,

v.

P. LEINER NUTRITIONAL
PRODUCTS CORP.,
Defendant.

No. 89–2621–CIV.

United States District Court,
S.D. Florida.

Feb. 4, 1991.

Douglas B. Brown, Rumberger, Kirk, Caldwell, Cabaniss & Burke, Orlando, Fla., for plaintiff.

Nancy J. Cliff, Baron & Cliff, Miami, Fla., for defendant.

## MEMORANDUM OPINION

SPELLMAN, District Judge.

### ORDER DENYING PLAINTIFF'S MOTION FOR SANCTIONS

THIS CAUSE comes before the Court upon Plaintiff's Motion for Sanctions.

#### Background

Plaintiff, Propharma, is a foreign corporation organized under the laws of Panama. Plaintiff maintains an office in Miami, Florida. The address for Propharma in Miami is a Post Office Box. In addition, Patricia Maillard, Secretary of Plaintiff, worked out of her house in Miami—the facilities at Maillard's house included a fax machine and a private phone number. Plaintiff has not registered to transact business in the State of Florida.

Defendant, Leiner, is a corporation organized under the laws of a state other than Florida and is authorized to do and does business, directly or indirectly, in Florida. Leiner's principal place of business is Torrance, California. Between December 1987 and April 1989, Leiner maintained offices,

employees or agencies in Florida through which it operated, conducted, engaged in and carried out a business or business venture in Florida.

Late in 1987, Plaintiff contacted Defendant to inquire about the availability of Defendant's products and the possibility of becoming Defendant's exclusive agent for the sale of Leiner's products in Europe. On or about May 25, 1988, Defendant forwarded to Plaintiff copies of product labels, price lists and brochures.

Plaintiff alleges that on or about June 8, 1988, Defendant gave written confirmation of its agreement with Propharma that Propharma would act as the exclusive sales agent for Defendant's products in the Benelux countries of Europe. Subsequently, Defendant expanded Propharma's exclusive sales agency for Defendant's products to the European Community. Pursuant to the parties' agreement, Defendant was to ship the product to a warehouse in Miami. Plaintiff would then prepare the cargo for shipment to Europe.

On or about March 20, 1989, Defendant orally terminated Plaintiff's exclusive agency to the Benelux countries of Europe; this oral termination was followed by written notification of termination. Plaintiff brings this four count action against Defendant. Plaintiff alleges breach of oral and written contract, tortious interference and negligent misrepresentation. Defendant moved for Summary Judgment on Plaintiff's claims. Defendant argued that Plaintiff's current action is barred by the Florida Statutes as Plaintiff is a foreign corporation transacting business in the State of Florida without a certificate of authority. This Court denied Defendant's Motion for Summary Judgment in the accompanying Order.

Plaintiff now moves for sanctions against Defendant. Plaintiff's argument that sanctions are appropriate in the instant case is twofold. Initially, Plaintiff contends that although Plaintiff's Complaint recited only that Plaintiff maintained an *office* in Miami, Defendant asserted as an undisputed fact in its Motion for Summary Judgment that Plaintiff maintained a *home office* in Miami. Moreover, Plaintiff argues that Defendant failed to state a number of facts well known to Defendant through discovery and record evidence. Plaintiff alleges that these discrepancies were material in that Defendant's Motion for Summary Judgment turned on whether Plaintiff was transacting business in Florida. Plaintiff maintains that Defendant's Motion was neither warranted by existing law nor could a good faith argument be made for modification or reversal of existing law and, consequently, this Court should impose sanctions against Defendant.

## DISCUSSION

Rule 11 of the Federal Rules of Civil Procedure provides in pertinent part:

> Every pleading, motion, and other paper of a party ... shall be signed by at least one attorney of record.... A party who is not represented by an attorney shall sign the party's pleading, motion, or other paper.... The signature of an attorney or party constitutes a certificate by the signer that the signer has read the pleading, motion or other paper; that to the best of the signer's knowledge, information, and belief formed after reasonable inquiry it is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law, and that it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation.... If a pleading, motion, or other paper is signed in violation of this rule, the court, upon motion or upon its own initiative, shall impose upon the person who signed it, a represented party, or both, an appropriate sanction, which may include an order to pay to the other party or parties the amount of the reasonable expenses incurred because of the filing of the pleading, motion, or other paper including a reasonable attorney's fee.

Fed.R.Civ.P. 11.

■ The purpose of Rule 11 is to reduce frivolous claims, defenses or motions and

to deter costly meritless maneuvers, thus avoiding unnecessary delay and expense in litigation. *Donaldson v. Clark,* 819 F.2d 1551, 1556 (11th Cir.1987) (*citing* Report of the Judicial Committee on Rules of Practice and Procedure, app. C (Mar. 9, 1982) (letter from Judge Walter Mansfield, Chairman, Advisory Committee on Civil Rules), *reprinted in* 97 F.R.D. 190, 192 (1983)); *see also* Advisory Committee Note. "Rule 11 sanctions are designed to 'discourage dilatory or abusive tactics and help to streamline the litigation process by lessening frivolous claims or defenses.' " *Donaldson,* 819 F.2d at 1556 (*quoting* Advisory Committee Note). The imposition of sanctions is intended to deter attorneys from violating Rule 11. *Id.*

■ Rule 11, as amended, contemplates an objective standard—the standard is one of reasonableness under the circumstances. *See Hashemi v. Campaigner Publications, Inc.,* 784 F.2d 1581, 1583 (11th Cir.1986); *see also* Advisory Committee Note. Courts may not evaluate reasonableness of hindsight; rather, courts should test the signer's conduct by inquiring into what it was reasonable for the party or his attorney to believe at the time the pleading, motion, or other paper was submitted. *Donaldson,* 819 F.2d at 1556 (*citing* Advisory Committee Note). Significantly, Rule 11 should not be employed to stifle attorney creativity or enthusiasm in pursuing factual or legal theories.

■ Rule 11 imposes affirmative duties upon attorneys and *pro se* litigants. Upon signing a pleading, motion or other paper, an attorney certifies that she: (1) conducted a reasonable prefiling inquiry into the facts that support the pleading, motion or other paper; (2) conducted a reasonable inquiry into the law such that the paper embodies existing law or a good faith argument for the extension, modification, or reversal of existing legal principles; and (3) has not interposed the paper for any improper purpose. Fed.R.Civ.P. 11; *Thomas v. Capital Sec. Servs., Inc.,* 836 F.2d 866, 874 (5th Cir.1988). As this Court has stated, "[a] pleading, motion or other paper may not be signed first and the basis investigated thereafter. Rule 11 requires the signer to first 'stop and think.' " *Gutierrez v. City of Hialeah,* 723 F.Supp. 1494 (S.D.Fla.1989).

■ Plaintiff's Motion for Sanctions misapprehends the circumstances under which Rule 11 sanctions are appropriate. Although the undersigned denied Defendant's Motion for Summary Judgment, this Court finds Defendant's arguments therein far from frivolous. In fact, this Court believes that consideration of the instant Motion for Sanctions—though not worthy of Rule 11 sanctions—does more to waste this Court's time and resources than did consideration of Defendant's Motion. Accordingly, it is hereby

ORDERED AND ADJUDGED that the Plaintiff's Motion for Sanctions is DENIED.

DONE AND ORDERED.