SOUTHMARK INVESTMENT GROUP 86, INC., as general partner of Southmark Equity Partners III, Ltd., Plaintiff,

v.

TURNER DEVELOPMENT CORPORATION, TDC Corp. of Florida, Turner Real Estate Management, Inc., the Turner Corporation, John B. Provenzano, and Warren J. Schulte, individually and as partners doing business as P & S Properties, John B. Provenzano, John Bork and William Loder, Defendants.

No. 89–863–CIV–T–17B.

United States District Court,
M.D. Florida,
Tampa Division.

Oct. 4, 1991.

Gregory G. Jones, Carlton, Fields, Ward, Emmanuel, Smith & Cutler, Tampa, Fla., for plaintiffs.

Thomas M. Gonzalez, Thompson, Sizemore & Gonzalez, P.A., Tampa, Fla., Lawrence G. Mathews, Jr., Smith, MacKinnon, & Mathews, Orlando, Fla., Michael B. Colgan, Holland & Knight, Tampa, Fla., for defendants.

## ORDER ON DEFENDANT'S MOTION TO IMPOSE SANCTIONS ON PLAINTIFF'S COUNSEL

KOVACHEVICH, District Judge.

## FACTS

1. This action, which included claims of fraud and civil RICO violations in conjunction with the sale of commercial real estate, went to a jury trial on December 6, 1990 before U.S. District Judge Lee Gagliardi in Fort Myers. After a week of trial, just before the case was to be submitted to the jury, the Judge declared a mistrial upon request of Plaintiff's counsel.

2. Defendants then moved to reset the case for immediate retrial before Judge Robert Merhige, Jr. in January 1991. However, before the second trial began, Plaintiff agreed to submit to binding arbitration and took a voluntary dismissal of the case with prejudice, relinquishing the RICO claims and the right to treble damages under this provision.

3. Defendants have moved for this Court to impose sanctions against Plaintiff's counsel, Gregory Jones, pursuant to the Court's authority under Fed.Rule Civ. Pro. 11, 28 U.S.C. § 1927, or through the inherent powers of the Court. Defendants allege that Jones wasted judicial resources and caused Defendants to incur unnecessary expense by pursuing the aborted trial. Only after presentation of the case, when counsel and the Judge were conferring on jury instructions, did Jones raise the issue of the Judge's bias against Plaintiffs.

4. This matter was submitted for outside arbitration, and a decision was rendered in favor of Plaintiffs on September 12, 1991.

## DISCUSSION

The issue before this Court is whether sanctions are appropriate against Plaintiff's attorney, Gregory G. Jones, for his alleged misconduct at trial leading to the declaration of a mistrial, and his dismissal of the suit in order to submit to arbitration. Defendants point to several legal bases for imposing sanctions. One such basis put forth by Defendants is Fed.R.Civ. Pro. 11, which requires that attorneys sign all pleadings, motions and other paper to certify that to the best of their knowledge, after reasonable inquiry, it is well grounded in fact and law and not interposed to harass or delay. Defendants have not alleged that any particular paper pleading was deficient, and despite a vague implica-

tion that the merits of this suit were groundless, have not substantiated that Rule 11 should apply. As the court noted in *Business Guides v. Chromatic Com. Enterprises*, 892 F.2d 802, 813 (9th Cir. 1989), *aff'd*, —— U.S. ——, 111 S.Ct. 922, 112 L.Ed.2d 1140 (1991), Rule 11 does not apply to sanction oral argument or attorney conduct. Thus, Defendants' request for Rule 11 sanctions is baseless and should be denied.

Defendants also request that sanctions be levied pursuant to 28 U.S.C. § 1927, which provides that an attorney who "so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." Defendants also request that this Court employ its inherent equitable powers to impose sanctions. This Court finds that all of Defendants' requests are without merit, and no sanctions should be imposed.

■ In their memorandum to support imposition of sanctions, Defendants discuss the substantive merits of Plaintiff's claim and allege that it is suggestive of the bad faith of Plaintiff's action. The substantive nature of this dispute is not before this Court. Defendant has failed to show that any specific portion of the Plaintiff's complaint, motions or other pleadings was not well grounded in law or fact. This is the objective test required by Rule 11, as noted in *Hashemi v. Campaigner Publications, Inc.*, 784 F.2d 1581, 1583 (11th Cir.1986). Vague allegations of bad faith do not justify the imposition of sanctions. If no colorable case existed to justify a jury trial, Defendants should have made this point in pre-trial motions.

■ Defendant's Memorandum supports its request for sanctions by criticizing the Plaintiff's trial strategy, describing the presentation as "astonishing." In particular, Defendant notes that Plaintiff's counsel called only one representative of his client as a witness, although he had deposed many more. Defendants' Memorandum says, "it is shocking that no effort

was made by the plaintiffs to refute [Defendant's] defenses and put on a credible case." It occurs to this Court that trial counsel should generally be pleased when its opponent fails to present a credible case, as that should spell a certain victory. In any event, Plaintiff's failure to call certain witnesses or present certain evidence cannot be said to have unreasonably or vexatiously multiplied the proceedings so as to justify sanctions.

■ Next, Defendants allege that the trial proceeding was premised on "artifice and cheap tactics," citing as an example Plaintiff's attempt to call one of opponent's trial attorneys as a witness. The record before this Court clearly indicates that Attorney Jones attempted to minimize the prejudice to Defendants arising from the possible disqualification of one of their nine attorneys on the day of trial. In addition, this Court finds the law clearly allows counsel to elicit an opposing attorney's prior statement in a related state proceeding as an "admission of party opponent." See *Hanson v. Waller LVL, Inc.*, 888 F.2d 806, 814 (11th Cir.1989); *U.S. v. McKeon*, 738 F.2d 26, 30 (2d Cir.1984). Defendants' disagreement with this strategic decision is no basis for sanctions against Plaintiff's counsel.

■ Defendants' Memorandum continues: "Perhaps the most outrageous example of abuse by plaintiff's counsel, in addition to never presenting any evidence from involved witnesses, was its expert testimony." Defendants claim that Plaintiff's expert offered "sham testimony" because he presented a different basis for calculating building rents than Defendants' own experts. Having reviewed the testimony by the expert in question, this Court finds that Defendants have mischaracterized the substance of the testimony within their memorandum. Such a misstatement to this Court will not be tolerated, and Defendants' counsel stands warned that such conduct may be cause for sanctions. In any event, short of allegations that Plaintiff's counsel suborned perjury or perpetrated a fraud on the court, disagreement

**4**

with an opponent's expert is not a basis for imposing sanctions.

■ Defendants additionally state that "the trial record is replete with incidents whereby [Plaintiff's] counsel endeavored to affect the outcome through unprofessional and improper tactics." Defendants have not referred this Court to any specific instances of improper tactics, however. Vague references are made that counsel "objected strenuously to many of the court's rulings throughout the trial, and continually argued with the court after dispositive rulings had been made, requiring frequent admonishment by the judge." Defendants cite *Kiefel v. Las Vegas Hacienda, Inc.*, 404 F.2d 1163 (7th Cir.1968), *cert. denied*, 395 U.S. 908, 89 S.Ct. 1750, 23 L.Ed.2d 221 (1969), for support that such conduct may be sanctioned. However, a response to Defendants' argument is also apparent from *Kiefel*. In that case, the court clearly found that counsel had engaged in repeated, intentional misconduct before that court and other courts, and that counsel had deliberately undertaken to act unprofessionally without regard for the consequences. *Id.* at 1168. Counsel's conduct in that case included egregious violations of the rules of evidence and ethics. As the court noted, assessing costs on an attorney should occur "only in instances of a serious and studied disregard for the orderly processes of justice." *Id.* at 1167. In the case at bar, Judge Gagliardi specifically found that he did not believe any disruptive behavior by Plaintiff's counsel was intentional. The Judge expressed his belief that Attorney Jones' arguments over adverse rulings only reflected his personality, and not a deliberate or intentional disruption of the proceedings. Once again, the Court finds that Defendants' motion for sanctions is meritless.

■ As another argument in favor of sanctions, Defendants cite a statement by a witness adverse to Plaintiff's case that Plaintiff's counsel was trying to "twist" her testimony. Upon review of the transcript, the Court finds that Attorney Jones did no more than utilize a prior statement of the witness to impeach her. Such be-

havior is not a basis for imposing sanctions, but appears to this Court to be in the normal course of advocacy.

■ Finally, Defendants point to Attorney Jones' election to request a mistrial after more than a week's presentation to the jury as evidence that he has wasted judicial resources and prolonged the proceeding. Upon review of the transcript of the jury instruction conference at which this request was granted, this Court finds that Judge Gagliardi invited and encouraged counsel's motion, expressing his own inability to continue with the trial. Judge Gagliardi insisted that any intimations that he was biased should be presented then and there so that he could declare a mistrial. By refusing the Judge's invitation to complain of bias, Attorney Jones would have foreclosed any opportunity to raise the issue on appeal. He should not be sanctioned for furthering his client's interests when presented with such an ultimatum.

■ Defendants suggest that it exhibits bad faith to have dismissed the claim shortly before retrial, accepting binding arbitration as an alternative. This Court encourages the use of alternative dispute resolution mechanisms, and although it is regrettable that a week-long proceeding ended in a mistrial, this Court will not impose sanctions for an attorney's agreeing to preserve judicial resources and client expenses by submitting to an arbitrator.

In summary, this Court finds no basis in law for imposing sanctions. The inflammatory Memorandum filed by Defendants prompts this Court to warn Defendants that "we look with disfavor on a party's use of Rule 11 or the ethical rules as combative tools. The rules governing the ethical conduct of lawyers are far too important to be trivialized and used in baseless mudslinging. . . ." *Autrey v. United States*, 889 F.2d 973, 986 (11th Cir.1989). Despite the "chagrin and sadness" with which Defendants filed the motion, it comes perilously close itself to being a sanctionable pleading under Rule 11 in that it is wholly unsupported by the facts or the law.

## CONCLUSION

Defendants' motion to impose sanctions against Plaintiff's counsel is without merit. Accordingly, it is

ORDERED that the Defendant's Motion to Impose Sanctions on Plaintiff's Attorney is hereby DENIED.