USCA1 Opinion

 

 March 31, 1994 UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT ____________________ No. 93-1720 RICHARD SILVA, ET AL., Plaintiffs, Appellees, v. PETER WITSCHEN, CITY OF EAST PROVIDENCE, ET AL., Defendants, Appellees, STEPHEN LINDER, Appellant. ____________________ ERRATA The opinion of this Court issued on March 24, 1994, is amended as follows: On Page 13, Paragraph 2 on Line 3, please insert "sanction" after "Rule 11". UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT ____________________ No. 93-1720 RICHARD SILVA, ET AL., Plaintiffs, Appellees, v. PETER WITSCHEN, CITY OF EAST PROVIDENCE, ET AL., Defendants, Appellees, STEPHEN LINDER, Appellant. ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF RHODE ISLAND [Hon. Ronald R. Lagueux, U.S. District Judge] ___________________ ____________________ Before Torruella, Cyr and Stahl, Circuit Judges. ______________ ____________________ Edward Greer, Rhode Island Affiliate, American Civil Liberties _____________ _________________________ Union, was on brief for appellant. _____ William J. Conley, Jr., City Solicitor, for appellee City of East ______________________ Providence, Rhode Island. ____________________ March 24, 1994 ____________________ CYR, Circuit Judge. Appellant Stephen Linder, Esquire, CYR, Circuit Judge. _____________ challenges the sanction imposed against him pursuant to Fed. R. Civ. P. 11 for filing a groundless complaint against defendants- appellees. After careful review, we affirm the district court sanction order in all respects. I I BACKGROUND BACKGROUND __________ In the fall of 1985, the City of East Providence, Rhode Island, announced that an independent testing service would administer a competitive examination for the position of Chief of Police. A city ordinance empowered the City Manager, defendant- appellee Peter Witschen, to fill the position from among the top three performers on the examination. See Civil Service Ordinance ___ of East Providence, R.I. 11-66(c),(d). It was no secret that some members of the City Council, including defendants-appellees in this action, favored the appointment of defendant Anthony DeCastro. DeCastro achieved the highest examination score and, in January 1986, was appointed by the City Manager. Following the appointment, a rift arose between Chief DeCastro and the Fraternal Order of Police Union (Union). At a public session of the City Council years later, it was disclosed that several defendants had discussed beforehand with DeCastro the likelihood that a competitive examination would be adminis- tered and that DeCastro's test-taking skills were weak. Finally, it was also disclosed at the City Council meeting that DeCastro 2 had attended a preparatory course in "executive development" on his own time, for which he was reimbursed pursuant to a City policy permitting reimbursement for "in-service training." Present at the City Council meeting were several of the plaintiffs, all disappointed applicants for the position, and appellant Linder, counsel to the Union. Shortly after the City Council meeting, two of the plaintiffs met briefly with Linder and discussed factual grounds for a possible lawsuit in their behalf. Thereafter, Linder conducted limited discussions with other plaintiffs along similar lines. On January 3, 1990, Linder initiated the present action under 42 U.S.C. 1983 in the United States District Court for the District of Rhode Island, charging deprivations of plaintiff- s' due process right to a fair and impartial promotional examina- tion as provided by the City ordinance, and of an alleged right of "equal protection" to compete for the position. Although the complaint pleaded relevant circumstances which the district court later characterized as "suspicious," see supra pp. 2-3, it ___ _____ neither alleged nor asserted facts sufficient to support an inference that the examination was either "rigged" to favor DeCastro or administered or graded unfairly. Prior to filing the complaint, Linder made a copy available to the City Solicitor, who advised Linder that it was "unjustified," and warned that the City was likely to demand attorney fees for defending against it. Linder was not deterred. Ultimately, the district court entered summary judgment 3 for all defendants on the ground that "the complaint made no allegations of 'exam rigging,'" which was the essence of plain- tiffs' claim. Silva v. Witschen, 745 F. Supp. 798, 803 (D. R.I. _____ ________ 1990).1 The defendants thereafter requested attorney fees, either under 42 U.S.C. 1988 or as a sanction under Fed. R. Civ. P. 11. In due course, the district court conducted a lengthy hearing to determine whether the fee request should be allowed on _______ either ground. The amount of any fee award was not before the court at the hearing. Following the hearing, the court denied the request for an award under section 1988, on the ground that the plaintiffs had not acted in bad faith. The court found, however, that Linder was subject to sanction under Rule 11 for filing a groundless complaint. The defendants later requested fees and costs totalling almost $250,000, which the court reduced to $75,349.96, approximately two-thirds of which was attributed to the merits phase and one-third to the sanctions phase of the district court litigation. II II DISCUSSION DISCUSSION __________ All aspects of the Rule 11 sanctions decision are reviewed for abuse of discretion. Cooter & Gell v. Hartmarx ______________ ________ Corp., 496 U.S. 384, 405 (1990); Metrocorps, Inc. v. Eastern _____ _________________ _______ Mass. Junior Drum & Bugle Corps Ass'n, 912 F.2d 1, 2 (1st Cir. _______________________________________ ____________________ 1The judgment on the merits is not challenged on appeal. 4 1990). As the party challenging the sanctions award, Linder bears the formidable burden of establishing abuse of discretion. See Navarro-Ayala v. Nunez, 968 F.2d 1421, 1425 (1st Cir. 1992). ___ _____________ _____ An abuse of discretion occurs only if "'a material factor deserv- ing significant weight is ignored, . . . an improper factor is relied upon, or . . . all proper and no improper factors are assessed, but the court makes a serious mistake in weighing them.'" Anderson v. Beatrice Foods Co., 900 F.2d 388, 394 (1st ________ __________________ Cir.) (quoting Fashion House, Inc. v. K Mart Corp., 892 F.2d ____________________ _____________ 1076, 1081 (1st Cir. 1989)), cert. denied, 498 U.S. 891 (1990). ____ ______ A. Amended Rule 11 A. Amended Rule 11 _______________ On December 1, 1993, during the pendency of the present appeal, an amended version of Rule 11 became effective, governing "all proceedings in civil cases thereafter commenced and, insofar _______ as just and practicable, all proceedings in civil cases then __ ____ ___ ___________ pending." Order Amending Federal Rules of Civil Procedure, 113 S. Ct. CDLXXVIII (Apr. 22, 1993) (emphasis added).2 Linder ____________________ 2The sanctions provision in the pre-amendment version of Rule 11 stated: If a pleading, motion, or other paper is signed in violation of this rule, the court, upon motion or upon its own initiative, shall impose upon the person who _____ signed it, a represented party, or both, an appropriate sanction, which may include an order to pay to the other party or parties the amount of the reasonable expenses incurred because of the filing of the plead- ing, motion, or other paper, including a reasonable attorney's fee. Fed. R. Civ. P. 11 (1987) (emphasis added). The relevant portion of the sanctions provision in the 5 therefore contends that amended Rule 11 applies on appeal in the present case. We need not decide whether a case pending on appeal December 1, 1993 is subject to the amended rule. The promulga- tion order precludes application of the amended rule even in ____________________ amended version reads as follows: (c) Sanctions. If, after notice and a reasonable Sanctions opportunity to respond, the court determines that subdivision (b) [Representations to Court] has been violated, the court may, subject to the conditions ___ stated below, impose an appropriate sanction upon the attorneys, law firms, or parties that have violated subdivision (b) or are responsible for the violation. (1) How Initiated. How Initiated ______________ (a) By Motion. A motion for sanctions under By Motion __________ this rule . . . shall describe the specific con- duct alleged to violate subdivision (b). It shall be served as provided in Rule 5, but shall not be _____ ___ __ filed with or presented to the court unless, with- _____ ______ _____ in 21 days after service of the motion (or such __ __ ____ _____ _______ other period as the court may prescribe), the ___ challenged paper, claim, defense, contention, __________ _____ allegation, or denial is not withdrawn or appro- __ ___ _________ __ ______ priately corrected. If warranted, the court may ________ _________ award to the part prevailing on the motion the reasonable expenses and attorney's fees incurred in presenting or opposing the motion. (2) Nature of Sanction; Limitations. A sanction Nature of Sanction; Limitations. ______ __ _________ ____________ imposed for violation of this rule shall be limit- ed to what is sufficient to deter repetition of such conduct or comparable conduct by others simi- larly situated. . . . [T]he sanction may consist of, or include, directives of a nonmonetary na- ture, an order to pay a penalty into court, or, if imposed on motion and warranted for effective deterrence, an order directing payment to the movant of some or all of the reasonable attorneys' fees and other expenses incurred as a direct re- sult of the violation. Fed. R. Civ. P. 11 (Dec. 1, 1993) (emphasis added). 6 "cases then pending" insofar as it would be unjust or imprac- ______ __ _______ ticable to do so. Id. To remand for a district court determina- _______ ___ tion under amended Rule 11 in these circumstances is not only infeasible but would work an injustice to plaintiffs-appellees. See Hashemi v. Campaigner Publications, Inc., 784 F.2d 1581, 1584 ___ _______ _____________________________ (11th Cir. 1986) (finding no reason to test Rule 11 sanctions under amendment to 1983 rule not in effect when sanctioned conduct occurred) (decided under virtually identical terms of 1983 promulgation order: "shall govern . . . , insofar as just _ and practicable, in proceedings then pending." Order Amending Rules of Civil Procedure, 461 U.S. 1097 (1983)). Cf. Freund v. ___ ______ Fleetwood Enters., Inc., 956 F.2d 354, 363 (1st Cir. 1992) ________________________ (declining to apply amended Fed. R. Civ. P. 15(c) which would work "manifest injustice");3 Agretti v. ANR Freight Sys., Inc., _______ _______________________ No. 89 C 5492, 1994 WL 46670, at *1 (N.D. Ill. Feb. 14, 1994) (finding retrospective application of 1993 amended Rule 11 "neither just nor practicable"); In re Taxable Mun. Bond Sec. ______________________________ Litig., No. MDL 863, 1994 WL 34924, at *4 (E.D. La. Feb. 3, 1994) ______ ____________________ 3Freund rests upon the principle that "a court is to apply ______ the law in effect at the time it renders its decision, unless doing so would result in manifest injustice or there is statutory direction or legislative history to the contrary." Bradley v. _______ Richmond Sch. Bd., 416 U.S. 696, 711 (1974). In the instant _________________ case, such "statutory direction" derives from the Supreme Court's power to prescribe rules of procedure. See generally 28 U.S.C. ___ _________ 2071-2113. Section 2074(a) of Title 28 states that "the Supreme Court shall not require the application of such [amended] rule to further proceedings then pending to the extent that, in __ the opinion of the court in which such proceedings are pending, ___ _______ __ ___ _____ __ _____ ____ ___________ ___ _______ the application of such rule in such proceedings would not be feasible or would work injustice, in which event the former rule applies." 28 U.S.C. 2074(a) (emphasis added). 7 (declining to apply 1993 amended rule where sanctioned conduct occurred prior to Dec. 1, 1993 and pre-amendment standards had been applied at sanctions hearing).4 This is particularly true since Linder's sanctionable conduct was solely responsible for the satellite proceedings relating to Rule 11 sanctions. More- over, it would be impracticable, not only to undo the harm actually occasioned defendants, but to review the district court order under the altered standards established by amended Rule ____________________ 4Linder argues that he would not have been sanctioned under the amended rule, because he would have withdrawn the complaint as allowed under the 21-day "safe harbor" provision. See Fed. R. ___ Civ. P. 11(c)(1)(A) (Dec. 1, 1993); supra note 2. Linder cannot _____ have it both ways, however. His argument is based on the assump- tion that he would have availed himself of a "safe harbor" provision had he received notice of the particular deficiencies __________ in the complaint. This retrospective appraisal ignores the reality that Linder flatly disregarded a substantially equivalent warning from the City Solicitor before the complaint was ever filed. See supra p. 3-4. Thus, Linder's argument cannot prevail ___ _____ unless appellees failed to point out particular deficiencies in the complaint. However, appellees' statement of relevant facts on appeal represents, and Linder does not deny, that the City Solicitor "informed [Linder] of the pleading deficiencies, and of ___ ________ ____________ the City's probable attempt to collect sanctions, before the pleading was even filed." (Appellees' Br. at 16) (emphasis added). Since Linder neither denies appellees' representation nor included the relevant portions of the hearing transcript to which appellees' statement of facts cites, see Fed. R. App. P. ___ 10(b), 11(a) (appellant bears burden of including material items in appellate record), we will not indulge an assumption fore- closed by the record before us. It would be unjust to permit yet a second "safe harbor" refuge for Linder to escape responsibility ______ for the expense occasioned an innocent party which forewarned him that the complaint was unjustified. Furthermore, even if the cost and expense occasioned by Linder's sanctionable conduct were to be disregarded, it would be unjust to permit these satellite proceedings to be further extended by remanding to the district court to afford Linder the opportunity to "withdraw" a groundless complaint previously dismissed on the merits. 8 11.5 See Hashemi, 784 F.2d at 1583-84 (rejecting claim, under ___ _______ virtually identical 1983 promulgation order, that amended Rule 11 standards should apply "because the case was pending on appeal by the plaintiff at the time the Rule became effective"); cf. ___ Freund, 956 F.2d at 363 (refusing to apply amended rule which ______ would work "manifest injustice"). Since an unwarranted remand would otherwise be necessary in these already protracted satel- lite proceedings, at inordinate delay and expense to innocent parties, we review the district court sanction order under the pre-amendment Rule 11 standards in force at the time the sanc- tioned conduct occurred. B. Appropriateness of Rule 11 Sanctions B. Appropriateness of Rule 11 Sanctions ____________________________________ Prior to December 1, 1993, Rule 11 mandated sanctions for interposing a filing either for an improper purpose or under ______ __ ____________________ 5For example, deterrence was the primary purpose served by Rule 11 sanctions prior to December 1, 1983. See Cooter & Gell, ___ _____________ 496 U.S. at 393. Yet "courts . . . ha[d] noted that compensatory and punitive purposes also [we]re served by sanctions [under old Rule 11]." Charles A. Wright & Arthur Miller, 5A Federal Prac- _____________ tice and Procedure 1336 at 100-101 (1990); Anderson, 900 F.2d ___________________ ________ at 394-95. Under amended Rule 11, however, "the purpose of . . . sanctions is to deter rather than to compensate . . . ." Fed. R. ______ Civ. P. 11 advisory committee's note (emphasis added). Thus, under amended Rule 11, "if a monetary sanction is imposed, it should ordinarily be paid into court as a penalty," id., though ___ the court may award monetary sanctions to a party in "unusual circumstances," id. Although sanctions were mandatory under old ___ Rule 11, Lancellotti v. Fay, 909 F.2d 15, 19 (1st Cir. 1990), but ___________ ___ are discretionary under the amended rule, Fed. R. Civ. P. 11(c) (Dec. 1, 1993) (if court finds a violation, "the court may . . . ___ impose an appropriate sanction" (emphasis added)), in these circumstances we believe it would be a gross injustice to deprive defendants-appellees of compensation for the costs caused by Linder's reckless disregard for the requirements of Rule 11 despite the City's advance warning. 9 circumstances in which a competent attorney, on objectively reasonable inquiry, could not have believed that the filing was grounded in fact and warranted either by existing law or by a ___ good-faith argument for the extension, modification or reversal of existing law. Lancellotti v. Fay, 909 F.2d 15, 19 (1st Cir. ___________ ___ 1990). 1. Legal Basis for Action 1. Legal Basis for Action ______________________ Linder "concedes" that the complaint violated Rule 11, in that he failed to make the objectively reasonable legal inquiry required under our case law. He argues, however, that Leatherman v. Tarrant County Narcotics Intelligence and Coordina- __________ ___________________________________________________ tion Unit, ___ U.S. ___, 113 S. Ct. 1160 (1993), struck down the _________ heightened pleading requirement previously espoused by this court in section 1983 actions.6 Since Leatherman should be given __________ retroactive effect, see Harper v. Virginia Dep't of Taxation, ___ ___ ______ __________________________ U.S. ___, ___, 113 S. Ct. 2510, 2516-17 (1993) (general rule of retroactivity in civil cases), Linder contends that sanctions were improperly imposed. This argument is a red herring. The district court order neither mentioned nor applied a heightened pleading standard, nor did it cite to any case involving a heightened pleading requirement. See Silva, 745 F. ___ _____ Supp. at 801. Rather, the court determined that there was no ____________________ 6In Leatherman, the Court rejected the Fifth Circuit's "more __________ demanding rule for pleading a complaint under section 1983 than for pleading other kinds of claims for relief." 113 S. Ct. at 1162-63. 10 legal basis whatever for Linder's reliance on a federally pro- tected property interest, in principal part because plaintiffs made no allegation of "exam-rigging." See Burns v. Sullivan, 619 ___ _____ ________ F.2d 99, 104 (1st Cir.), cert. denied, 449 U.S. 893 (1980).7 ____ ______ Compare Silva, 745 F. Supp. at 803, with Hermes v. Hein, 511 F. _______ _____ ____ ______ ____ Supp. 123, 125 (N.D. Ill. 1980) (complaint alleging exam-rigging states 1983 claim in circumstances where unwavering custom and policy is to promote applicant achieving highest score). The court concluded that the only protected property interest at issue was plaintiffs' due process right to compete fairly for the position of Chief of Police,8 and since they had alleged no facts evidencing such a deprivation the action was groundless as a matter of law. Silva, 745 F. Supp. at 805. Neither before the _____ district court, nor on appeal, has Linder raised doubt as to the soundness of the district court ruling that the complaint failed to state a cause of action. ____________________ 7As the district court observed: Like the City Manager in Burns, City Manager Witschen _____ had discretion to make an appointment "after interview and investigation," from among "the names of the three persons standing highest on the appropriate list." Since the City Manager could appoint any one of the top three certified candidates, none of these candidates had a clearly defined property interest in promotion to Chief of Police. Silva, 745 F. Supp. at 803. _____ 8The court rejected the claim that plaintiffs were deprived of "equal protection" by the dissimilar treatment accorded DeCastro, citing Di Piro v. Taft, 584 F.2d 1, 3 (1st Cir. 1978), _______ ____ cert. denied, 440 U.S. 914 (1979). See Silva, 745 F. Supp. at ____ ______ ___ _____ 805 (finding no evidence of intentional discrimination). 11 2. Improper Purpose 2. Improper Purpose ________________ The district court further found that Linder attempted by bringing the present action to intimidate "the City into terminating DeCastro . . . . [thus] using this case to further an improper objective." Silva v. Witschen, C.A. No. 90-0005L, slip _____ ________ op. at 18-19 (D. R.I. Nov. 5, 1992) (order imposing sanctions). Although Linder admits to a "dual motive," he argues that Rule 11 sanctions may not be imposed for commencing an action for an "improper purpose" if there was also a proper motive, in this case vindicating plaintiffs' rights. The district court found that Linder, who was also the attorney for the Union, was wearing two hats here. Although he purported to represent the plaintiffs in this case, all his actions were calculated to ___ ___ _______ ____ __________ __ achieve the goal of the Union, the ouster of _______ ___ ____ __ ___ _____ DeCastro. While plaintiffs honestly believed in their cause of action, Linder was using their lawsuit as a bargaining chip to pres- sure the City on behalf of the Union to ter- minate DeCastro as Chief of Police. Id. at 19 (emphasis added). ___ Linder's contention that his conduct is not sanctiona- ble because he intended to protect plaintiffs' legal rights is yet another red herring. We are aware of no authority or other basis for the view that an attorney who files a groundless complaint, for an improper purpose and without reasonable inqui- ry, see Fed. R. Civ. P. 11, is exonerated from sanctions because ___ he was simply asserting groundless nonexistent legal claims in behalf of his clients. Cf. Lieb v. Topstone Indus., Inc., 788 ___ ____ ______________________ F.2d 151, 157 (3d Cir. 1986) ("[P]leader may not escape liability 12 because he did not intend to bring about additional delay or expense. If reasonable preparatory steps would have avoided those consequences, sanctions are appropriate."). Accordingly, we uphold the district court finding of improper motive. Cf. Mir ___ ___ v. Little Co. of Mary Hosp., 844 F.2d 646, 653 (9th Cir. 1988) _________________________ (using litigation to force party to grant privileges previously denied is "improper purpose"). C. Appropriateness, Nature and Severity of Sanctions C. Appropriateness, Nature and Severity of Sanctions _________________________________________________ 1. Rule 11 Hearing 1. Rule 11 Hearing _______________ The procedure for determining whether a sanction should be imposed and, if so, its nature and severity, is left in the first instance to the trial court's sound discretion. Linder contends that the district court abused its discretion, see Cooter & Gell, ___ _____________ 496 U.S. at 405, by unnecessarily convening a hearing on the request for Rule 11 sanctions. See also Fed. R. Civ. P. 11 ___ ____ advisory committee's note (sanctions procedure depends on circum- stances and severity of sanction under consideration); Muthig v. ______ Brant Point Nantucket, Inc., 838 F.2d 600, 607 (1st Cir. 1988) ____________________________ (similar). He argues that there was no reason to conduct a Rule 11 hearing once the court found no legal basis for the complaint, see Silva, 745 F. Supp. at 803, since sanctions were mandatory ___ _____ under the pre-amendment version of Rule 11, Jensen v. Frank, 912 ______ _____ F.2d 517, 524 n.6 (1st Cir. 1990). Linder once again mischaracterizes the proceedings below. The grant of summary judgment against plaintiffs did not preordain the imposition of any Rule 11 sanction against Linder. 13 Rather, the hearing was necessary to determine whether Linder had _______ violated Rule 11 and, if so, to determine an appropriate sanc- ________ tion. Additionally, defendants requested a fee award against plaintiffs under 42 U.S.C. 1988 as well, which the court consi- dered at the same hearing and later denied. The claim that the district court abused its discretion by conducting a hearing to resolve defendants' fee requests under Rule 11 and section 1988 is frivolous. Linder has fallen far short of a showing of abuse of discretion.9 Rule 11 contemplates "giv[ing] effect to [its] central goal of deterrence," Cooter & Gell, 496 U.S. at 405, ______________ while avoiding unnecessary satellite litigation; the proper balance is left to the reasoned discretion of the district court, id. Cf. Fashion House, 892 F.2d at 1082 (district court is in ___ ___ _____________ best position to determine appropriate remedy). The hearing was necessary for two reasons: to determine whether there was a _______ proper basis for assessing attorney fees against plaintiffs under 42 U.S.C. 1988, and whether Linder's filing of the groundless _______ complaint warranted imposition of a Rule 11 sanction. Silva, _____ slip op. at 2-3 (Nov. 5, 1992); Silva, 745 F. Supp. at 806. _____ Thus, among the matters at issue in the Rule 11 sanctions hearing ____________________ 9Though hampered by the absence of a sanction-hearing tran- script, we have reviewed Linder's claims on the available appel- late record, see United States v. One Yacht Named Mercury, 527 ___ _____________ ________________________ F.2d 1112, 1113 (1st Cir. 1975) (despite incomplete record, appellate court reviews merits as record allows), cognizant that it was Linder's burden to ensure an adequate appellate record, see Navarro-Ayala, 968 F.2d at 1425; see also Fed. R. App. P. ___ _____________ ___ ____ 10(b), 11(a) (requiring appellant to assemble requisite record). 14 were whether Linder: (1) brought the action for an improper purpose and (2) after reasonable inquiry, could have formed a reasonable belief that the complaint was well grounded in fact __________ ______ and "warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law." Fed. R. Civ. P. 11 (1987); see Lancellotti, 909 F.2d at 19. The court ___ ___________ found that "Linder failed to make a reasonable inquiry to deter- mine that the complaint was well founded in fact . . . [and] even more important [the] lawsuit was baseless as a matter of law." Silva, slip op. at 17 (Nov. 5, 1992). See Unanue-Casal v. _____ ___ ____________ Unanue-Casal, 898 F.2d 839, 841-42 (1st Cir. 1990) (Rule 11 ____________ sanctions against counsel warranted for filing frivolous removal petition with "no plausible legal basis" and for "improper purpose").10 2. Reasonableness of Sanctions 2. Reasonableness of Sanctions ___________________________ Linder's remaining claim is that the attorney fee award is excessive. Compensatory sanctions under Rule 11 must be ____________________ 10Linder claims that the district court did not need to address the "improper purpose" prong of Rule 11 once it had been determined that he had failed to make a "reasonable inquiry." We find no abuse of discretion. The appellate record provided by Linder, see supra note 9, does not indicate which issue was first ___ _____ decided, why the hearing proceeded to the second issue, or even whether Linder preserved this claim by asserting it in timely fashion below. Moreover, the further inquiries as to the appro- priateness and severity of Rule 11 sanctions were significantly informed by the court's determination that not one but two grounds existed for sanctioning Linder. See Unanue-Casal, 898 ___ ____________ F.2d at 841-42 (Rule 11 sanctions against counsel warranted by both prongs of rule). 15 reasonable in amount.11 Navarro-Ayala, 968 F.2d at 1427 (cit- _____________ ing cases). a. Merits Phase a. Merits Phase ____________ The district court awarded the City12 $53,528.81 in attorney fees and costs incurred during the merits phase of the litigation by all defendants, representing approximately 487 hours devoted to legal services by counsel appearing for the five individual defendants, and by the City Solicitor in behalf of the City and the same five individual defendants in their official capacities. Linder does not challenge the individual fee appli- cations, but asserts that the aggregate hours were not reasonably required because defendants did not take proper measures to mitigate fees by delegating jointly-required in-court services and submitting unitary filings to avoid unnecessary duplication of services. See Navarro-Ayala, 968 F.2d at 1427 (compensatory ___ _____________ sanctions allowed only for costs reasonably incurred) citing __________ ______ Thomas v. Capital Sec. Services, Inc., 836 F.2d 866, 879 (5th ______ _____________________________ Cir. 1988); see also Dubisky v. Owens, 849 F.2d 1034, 1037 (7th ___ ____ _______ _____ ____________________ 11Another Linder claim that attorney fees are not allow- able under Rule 11 directly contradicts the express language of Fed. R. Civ. P. 11 ("an appropriate sanction . . . may include . . . a reasonable attorney's fee"). See also Mariani v. Doctors ___ ____ _______ _______ Assocs., Inc., 983 F.2d 5, 8 (1st Cir. 1993); see generally ______________ ___ _________ Charles A. Wright & Arthur R. Miller, 5A Federal Practice & ___________________ Procedure, 1336 at 113 (1990) ("attorneys' fees have become the _________ Rule 11 sanction of choice"). 12The district court found that the City is the "only party interested in receiving sanctions," Silva, slip op. at 4 (May 6, _____ 1993), because it had agreed to pay the defendants' counsel fees incurred in this action, id. Consequently, it ordered all ___ sanctions paid to the City. 16 Cir. 1988) (similar). The district court rejected Linder's argument, finding instead that "if plaintiffs' case had not been so utterly without merit, this 'redundant' representation might have proved essen- tial to these defendants," Silva, slip op. at 13 (May 6, 1993), _____ and therefore that the employment of multiple attorneys during the merits phrase was reasonably required. We agree that it was ______ ______ reasonable for the five defendants, in their individual capaci- __________ _______ ties, to obtain representation by their own counsel while the ____ merits of plaintiffs' claims remained in litigation, since counsel to the City represented the individual defendants in their official capacities only. Linder points to no authority ________ __________ for the implicit assumption that reasonable mitigation efforts require that the private interests of parties sued in their individual capacities must go unrepresented. Cf. Mariani, 983 ___ _______ F.2d at 8 n.5. Nor has he shown that the respective private interests of these individual defendants during the merits phase did not conflict to the point that mutual representation was precluded.13 Cf. Brandt v. Schal Assoc., Inc., 960 F.2d at ___ ______ __________________ 640, 648 (7th Cir. 1992) ("[w]e have little sympathy for the litigant who fires a big gun, and when the adversary returns fire, complains because he was only firing blanks"). The court further found that "the total time spent by ____________________ 13Although the district court did not describe their precise nature, Linder does not challenge its finding that there were potential conflicts of interest among the various individual defendants. Thus, Linder failed to demonstrate an abuse of discretion. See Navarro-Ayala, 968 F.2d at 1425. ___ _____________ 17 each attorney on the merits was not excessive." Silva, slip op. _____ at 13 (Nov. 5, 1992). The court also disallowed all fees for legal services, except those services directly rendered to the City, after the point in time when it became clear that no conflicts of interest precluded the individual defendants' joint representation by counsel to the City. See Brandt, 960 F.2d at ___ ______ 649 (no failure to mitigate where sanctioned attorney's broad complaint necessitated investment of extensive attorney time in defense and district court carefully monitored procedure). A party is required to mitigate expenses only insofar as is reason- able. Our review of the record discloses no basis for supposing that the district court abused its discretion by allowing a $53,528.81 reimbursement to the City for legal services rendered during the merits phase. See Navarro-Ayala, 968 F.2d at 1426 ___ _____________ ("When the district court settles upon a monetary sanction and fixes a dollar amount, a reviewing tribunal should defer, within broad limits, to the district court's exercise of its informed discretion. Nevertheless, the court of appeals must be careful not merely to 'rubber-stamp the decisions of the district court.'") (citation omitted). b. Sanctions Phase b. Sanctions Phase _______________ The district court disallowed all fees requested in relation to the sanctions phase of the litigation except for 18 those incurred by the City.14 The court found that counsel to the individual defendants had been notified in advance that the City no longer believed there existed any conflict of interest precluding joint representation. Thus, the court allowed only $21,821.15 in total fees and costs for 188 out of over 1500 hours expended by all counsel representing defendants during the sanctions phase. Linder does not challenge the reasonableness of the fees incurred by the City in the sanctions phase.15 We therefore affirm the district court judgement. Affirmed. Affirmed. ________ ____________________ 14The district court adjusted for the additional hearing time required on the section 1988 motion by allowing fees for only 50% of the total time expended by defendants' counsel at the sanctions hearing, a finding not challenged on appeal. 15Linder argues, however, apparently for the first time, that the district court abused its discretion by failing to take into account his financial ability to respond to the fee award. Even assuming this claim has been preserved, Linder presented no evidence concerning his financial condition, nor has he alleged financial inability to satisfy the sanction. Thus, there was no abuse of discretion. See White v. General Motors Corp., Inc., ___ _____ ___________________________ 908 F.2d 675, 685 (10th Cir. 1990) ("[i]nability to pay what the court would otherwise regard as an appropriate sanction should be treated as reasonably akin to an affirmative defense, with the burden upon the parties being sanctioned to come forward with evidence of their financial status"), cert. denied, 498 U.S. 1069 ____ ______ (1991). We likewise reject Linder's claim that attorney fees reason- ably incurred in the sanctions phase may not be made the subject of a Rule 11 sanction. See Brandt, 960 F.2d at 651 (costs ___ ______ incurred in litigating request for Rule 11 sanctions in district court recoverable as part of Rule 11 sanction); Robinson v. Dean ________ ____ Witter Reynolds, Inc., 129 F.R.D. 15, 22 (D. Mass. 1989). Cf. _____________________ ___ Grendel's Den, Inc. v. Larkin, 749 F.2d 945, 949-50 (1st Cir. ___________________ ______ 1984) (reasonable fees and costs incurred in recovering attor- ney's fees under 1988 are reimbursable under 1988). Finally, although Linder argues that Rule 11 sanctions may chill civil rights actions, we cannot agree that a groundless civil rights action is any less appropriate a candidate for Rule 11 sanctions than other groundless actions. 19