David DUKE, Patrick J. Mahoney, Larry Agran, Lyndon H. Larouche, Jr., Guillermo Sanchez, Tasharay S. Otway-Smithers, David Baldwin, Edward J. Rosenfeld, Eugene Cottrell, Claire Urdl, William Edward Bonnell and Susan Brooks Thomas, Plaintiffs,

v.

Jim SMITH, Secretary of State of the State of Florida, T.K. Wetherell, Speaker of the Florida House of Representatives, Gwen Margolis, President of the Florida Senate, James M. Lombard, Minority Leader of the Florida House of Representatives, Ander Crenshaw, Minority Leader of the Florida Senate, Simon Ferro, Chairman of the Florida Democratic Party, and Van Poole, Chairman of the Florida Republican Party, in their capacities as members of the Florida Presidential Selection Committee, Defendants.

No. 92–0134–CIV.

United States District Court,
S.D. Florida.

Jan. 30, 1992.

Bruce Rogow, Beverly Pohl, Fort Lauderdale, Fla., Nina Vinik, Miami, Fla., and Richard B. Kay, Tesquesta, Fla., for plaintiffs.

Mark Levine, H. Collins Forman, Fort Lauderdale, Fla., George Waas, Tallahassee, Fla., E. Thom Rumberger and Daniel Gerber, Orlando, Fla., for defendants.

ORDER DENYING DEFENDANTS'
MOTION FOR SANCTIONS

MORENO, District Judge.

THIS CAUSE came before the Court upon the Motion of Defendants Poole, Crenshaw and Lombard for Entry of Sanctions against the Plaintiffs pursuant to Rule 11 of the Federal Rules of Civil Procedure. Defendants Smith, Wetherell and Margolis joined in the motion.

Plaintiffs filed suit on January 17, 1992 seeking injunctive and declaratory relief under 42 U.S.C. § 1983 and 28 U.S.C. §§ 2201, 2202. Plaintiffs claimed that defendants' conduct in excluding prospective candidates Duke, Agran, LaRouche and Mahoney from the presidential preference primary ballots constituted a violation of plaintiffs' rights of free speech, political association, equal protection, due process and right to vote as guaranteed by the First and Fourteenth Amendments to the United States Constitution. The plaintiffs sought an injunction barring the state of Florida from printing the primary ballots without the plaintiffs' names.

Plaintiffs also sought a declaration that Florida Statute Section 103.101 was unconstitutionally void for vagueness and for allowing for enforcement against candidates based on arbitrary, capricious and constitutionally impermissible reasons. Defendants claim that plaintiffs filed the complaint despite the clear weight of federal authority precluding such a cause of action. Defendants maintain that plaintiffs have violated Rule 11 by filing an action not well grounded in fact or law. Finally, defendants assert that plaintiffs were not candid with the court because they failed to distinguish or even cite controlling contrary case law from federal jurisdictions including the Northern District of Florida.[1]

Rule 11 mandates that:

to the best of the signer's [of any pleading, motion or other paper] knowledge, information and belief formed after reasonable inquiry it is well grounded in

---

1. *See Kay v. Smith,* Case No. TCA 88–40009–MMP; *Koczak v. Smith,* Case No. TCA 88– 40015–MMP; *Kirk v. Whitehead,* Case No. TCA 88–40016–MMP.

fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law, and that it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation.

Fed.R.Civ.P. 11.

The purpose of Rule 11 is to reduce frivolous claims, defenses or motions and to deter costly meritless maneuvers, thus avoiding unnecessary delay and expense in litigation. *Donaldson v. Clark*, 819 F.2d 1551, 1556 (11th Cir.1987). Rule 11 contemplates an objective standard, one of reasonableness under the circumstances. *See Hashemi v. Campaigner Publications, Inc.*, 784 F.2d 1581, 1583 (11th Cir.1986).

Courts may not evaluate reasonableness of hindsight; rather, courts should test the signer's conduct by inquiring into what was reasonable for the party or his attorney to believe at the time the pleading, motion or other paper was filed. *Donaldson*, 819 F.2d at 1556. The central issue, then, in evaluating reasonableness is whether a pleading states a colorable claim, not whether the pleader is ultimately correct in his interpretation of the facts and applicable law.

As plaintiff points out, the case of *Kay v. Smith*, on which defendants primarily based their motion for Rule 11 sanctions, was an unreported opinion from the Northern District of Florida. Based on the urgency of this matter, the court finds that a reasonable inquiry would not have uncovered this order. Plaintiffs should not have to search public records files for every case which might pertain to the issues raised in the complaint.

Moreover, as plaintiffs indicate, it is by no means clear that *Kay* dictates the outcome of this case. The plaintiffs here sued the Presidential Campaign Selection Committee arguing that the committee was an arm of the state that acted to deprive plaintiffs of constitutional rights. Plaintiffs in *Kay* sued the Democratic Party Chairman claiming that the party's selection procedures were unconstitutional.

Furthermore, the court in *Kay* evaluated the statute as it existed in 1988 in determining that the candidate selection procedures of the Florida Democratic Party are not unconstitutionally infirm. Section (2)(c) of Florida Statute 103.101, the main target of plaintiffs' constitutional challenge, was not added to the statute until 1989. *See* Laws of Florida, ch. 89–338, § 32. *Kay* does not preclude the plaintiffs' colorable constitutional challenge.

The district court opinion in *Duke v. Cleland*, 783 F.Supp. 600 (N.D.Ga.1992), *aff'd*, 954 F.2d 1526 (11th Cir.1992) was decided after the filing of plaintiffs' complaint. In that case, the Eleventh Circuit did not need to reach the state action issue, thus it does not absolutely preclude plaintiffs' constitutional challenge.

This court's reliance on a long line of precedents in deciding that political parties have a First Amendment right to be free from unwarranted intrusion into internal political affairs, is consistent with the finding that plaintiffs acted reasonably under the circumstances. Accordingly, it is

ADJUDGED that the Motion for Sanctions is DENIED.

DONE AND ORDERED.