**HILLSBOROUGH COUNTY, a political subdivision of the State of Florida, et al., Plaintiffs.**

v.

**A & e ROAD OILING SERVICE, INC., et al., Defendants.**

No. 92–1648–CIV–T–17B.

United States District Court, M.D. Florida, Tampa Division.

March 7, 1995.

Andrea E. Zelman, Icard, Merrill, Cullis, Timm, Furen & Ginsburg, P.A., Tampa, FL, William W. Merrill, III, Icard, Merrill, Cullis, Timm, Furen & Ginsburg, P.A., Sarasota, FL, for Hillsborough County, et al., plaintiffs.

Ann D. Samuels, Law Office of Ann D. Samuels, Oak Brook, IL, for Waste Resources of Tampa Bay, Inc., plaintiff.

Wayne E. Ripley, Jr., Law Office of Wayne E. Ripley, Jacksonville, FL, for Winn Dixie Stores, Inc., plaintiff.

Andrea E. Zelman, Icard, Merrill, Cullis, Timm, Furen & Ginsburg, P.A., Tampa, FL, William W. Merrill, III, Icard, Merrill, Cullis, Timm, Furen & Ginsburg, P.A., Sarasota, FL, A. Bruce White, Karaganis & White, Ltd., Chicago, IL, for Safety Kleen Corp., plaintiff.

Andrea E. Zelman, Icard, Merrill, Cullis, Timm, Furen & Ginsburg, P.A., Tampa, FL, William W. Merrill, III, Icard, Merrill, Cullis, Timm, Furen & Ginsburg, P.A., Sarasota, FL, Robert Charles Davis, Law Office of Robert C. Davis, Detroit, MI, for Stroh Brewery Co. fka Schlitz Brewing Co., plaintiff.

William C. Ballard, Fisher & Sauls, P.A., St. Petersburg, FL, for A & e Road Oiling Service, Inc., defendant.

Emmett Abdoney, Law Office of Emmett Abdoney, Tampa, FL, for Acme Sanitary Services, Inc., defendant.

William Barrett Taylor, IV, Macfarlane, Ausley, Ferguson & McMullen, Tampa, FL, for Acorn Contractors, a subsidiary of Spring–Lock Scaffolding Co., et al., defendants.

Julie A. Weisman, Swidler & Berlin, Washington, DC, for American Cyanamid Co., defendant.

Robert W. Boos, Honigman, Miller, Schwartz & Cohn, Tampa, FL, for Ashland Petroleum, a division of Ashland Oil, Inc. fka Western Fuels, Inc., defendant.

Lyle Wethington, Law Office of Lyle Wethington, Pinellas Park, FL, for Bay Area Septic Systems, defendant.

Peter James Hobson, Law Office of Peter J. Hobson, Tampa, FL, for CDB Pizza, Inc., defendant.

Clemons Septic Cleaners, pro se.

Joseph W. Clark, William A. Gillen, Jr., Shackleford, Farrior, Stallings & Evans, P.A., Tampa, FL, for Continental Can Co., defendant.

James Michael Porter, Holland & Knight, Miami, FL, for Cralle–Hall Motor Co., et al., defendants.

Kelly H. Scoffield, T. Dean Simmons, Exxon Co. USA, Houston, TX, for Exxon Co., U.S.A., defendant.

James Michael Porter, Holland & Knight, James P. Ahrens, Law Office of James P. Ahrens, Miami, FL, for Florida Power Corp., defendant.

Martin Lee Garcia, Karen E. Ross, Daniel J. Gibby, Hill, Ward & Henderson, P.A., Tampa, FL, for Fredco, Inc. dba Friendly Toyota, defendant.

Robert H. Mackenzie, Law Office of Robert H. Mackenzie, Wesley Chapel, FL, for Gaffin Environmental Services, Inc., defendant.

Walter C. Hall, Jr., Law Office of Walter C. Hall, Jr., Clearwater, FL, for Golden Triangle Portable Toilet Co., Inc., defendant.

Enola T. Brown, Annis, Mitchell, Cockey, Edwards & Roehn, P.A., Tampa, FL, for Hillsborough County Bd. of Public Instruction, defendant.

Reynold L. Caleen, Jr., Oertel, Hoffman, Fernandez, Cole & Edenfield, P.A., Tallahassee, FL, for International Petroleum Corp. dba National Oil Service, et al., defendants.

Jimbo's Pit Bar–B–Que of Tampa, Inc., pro se.

Latin Village Cafe, pro se.

Lee Kirk & Sons, pro se.

Kenneth F. Darrow, Law Office of Kenneth F. Darrow, Miami, FL, for Lum's Restaurant Corp., defendant.

William Barrett Taylor, IV, Macfarlane, Ausley, Ferguson & McMullen, Karen E. Ross, Hill, Ward & Henderson, P.A., Tampa, FL, for Miller Septic Tank Co., Inc., defendant.

John W. Berry, Jr., Law Office of John W. Berry, New Port Richey, FL, for Need A Diver Marine Service, Inc., defendant.

Patricia Lamont, Law Office of Patricia Lamont, Tampa, FL, for Nick's Restaurant, defendant.

Robert B. Alpaugh, Law Office of Robert B. Alpaugh, Temple Terrace, FL, for Pasco Plumbing fka Septic Tank Service, defendant.

Peak Oil Co., pro se.

Pinellas Septic Service, pro se.

Scott I. Steady, Taub & Williams, P.A., Russell S. Thomas, Williams, Reed, Weinstein, Schifino & Mangione, P.A., Tampa, FL, for Roto–Rooter Corp. aka Roto–Rooter Sewer Service, defendant.

Seabreeze Restaurant, pro se.

Craig Alan Minegar, Bush, Ross, Gardner, Warren & Rudy, P.A., Tampa, FL, for Southeast Oil and Development Corp., defendant.

Dale W. Vash, Ronald H. Noble, Fowler, White, Gillen, Boggs, Villareal & Banker, P.A., Tampa, FL, for Tank Welding and Service Co., Inc., defendant.

Tim's Waste Oil, pro se.

Gary J. Takacs, U.S. Atty.'s Office, M.D. Fla., Tampa, FL, Russell M. Young, U.S. Dept. of Justice, Environment & Natural Resources Div., Washington, DC, for the U.S., et al., defendants.

Gary J. Takacs, U.S. Atty.'s Office, M.D. Fla., Tampa, FL, for Dept. of Transp., National Transp. Safety Bd., Andrew Card, Secretary, defendant.

Alice Ruth Huneycutt, Stearns, Weaver, Miller, Weissler, Alhadeff & Sitterson, P.A., Tampa, FL, Daniel E. Vineyard, Law Office of Daniel E. Vineyard, Houston, TX, for Warren Petroleum Co., a div. of Chevron U.S.A., Inc., defendant.

Robert E. Hogfoss, Catherine D. Little, Hunton & Williams, Atlanta, GA, for Allwaste Services fka Bryson Environmental Service, Inc., defendant.

## ORDER ON MOTION FOR ATTORNEY'S FEES

KOVACHEVICH, District Judge.

This action is before the Court on Defendant Mike's Septic Tank Service, Inc.'s motion for attorney's fees pursuant to Rule 11 Fed.R.Civ.P., (Docket No. 594) filed November 17, 1994 and Plaintiff's response thereto, filed December 2, 1994.

## STATEMENT OF FACTS

This case is one involving the Comprehensive Environmental Response, Compensation, and Liability Act, 42 U.S.C. 9601–9657, ("CERCLA") in which Plaintiffs, HILLSBOROUGH COUNTY et al., seeks to recover several million dollars in costs that they incurred, and continue to incur, in cleaning up the environmental contamination at a site known as the Sydney Mine Waste Disposal Site, operated by Hillsborough County during the years 1974–81. Defendant, MIKE'S SEPTIC TANK SERVICE, INC. ("MIKE'S"), is among those potentially responsible parties Plaintiffs allege transported waste to the Site during its eight (8) year period of operation. MIKE'S, in its Motion

for Attorney's Fees, now argues that it never utilized the Sydney Mine Waste Disposal Site.

MIKE'S asserts it was named as a defendant merely because many years ago, it was accorded charge privileges at the Site. MIKE'S further asserts it was named as a defendant because it was licensed to provide septic tank services in Hillsborough County and may have responded to a survey form regarding the usage of the Site. MIKE'S argues that, in response to discovery requests, Plaintiff never provided MIKE'S with any factual basis for Plaintiff's contention that MIKE'S transported septic and grease trap waste to the Site. MIKE'S contends that Plaintiff knew, or should have known, that Plaintiff lacked the factual basis to prove MIKE'S utilized the Site. MIKE'S asserts that Plaintiff proceeded in bad faith against MIKE'S by failing to engage in an appropriate presuit inquiry and failing to dismiss MIKE'S as a defendant despite MIKE'S repeated requests to Plaintiff for dismissal. MIKE'S contends Plaintiff ultimately dismissed MIKE'S as a defendant only after MIKE'S filed a motion for summary judgement. On November 17, 1994, MIKE'S filed a motion to impose sanctions pursuant to Rule 11, Fed.R.Civ.P., against a single Plaintiff, Hillsborough County, for the recovery of attorney's fees MIKE'S incurred as a result of this suit.

Plaintiff asserts evidence of a survey dated April 2, 1979 to which MIKE'S responded by advising that it utilized the Site for disposal of septic waste and grease trap waste, provides partial factual basis for naming MIKE'S as a defendant to the suit. Plaintiff argues that its interviews with current and former employees indicates that the survey form was sent only to parties that had previously utilized the Site for disposal. Plaintiff also contends that the fact that MIKE'S was identified as a charge customer of the Site provides further factual basis for naming MIKE'S as a defendant. Plaintiff argues that, in its answers to interrogatories propounded by MIKE'S, Plaintiff provided names of current and former employees who have information or knowledge supporting the claim.

Plaintiff contends the basis for the dispute is factual. Plaintiff argues that, although MIKE'S consistently argued that the documentation did not support its claims, Plaintiff's consistently disagreed. Plaintiff contends that MIKE'S was dismissed as a defendant because counsel for MIKE'S informed counsel for Plaintiff that MIKE'S was the "proverbial mom and pop" business, lacked applicable insurance, and possessed limited resources from which Plaintiff could recover costs for the cleanup. Plaintiff contends this information provided a basis for its strategic litigation decision to dismiss MIKE'S upon MIKE'S motion for summary judgement.

## DISCUSSION

CERCLA was enacted by Congress in December 1980 to "provide for liability, compensation, clean-up, and emergency response for hazardous substances released into the environment and the cleanup of inactive hazardous waste disposal sites." Pub.L. No. 96–510, 94 Stat. 2767 (1980).[1] CERCLA's intent is to "[w]herever possible ... place[ ] the ultimate financial burden of toxic waste cleanup on those responsible for creating the harmful conditions." *Allied Corp. et al. v. Acme Solvents Reclaiming, Inc., et al.,* 1990 WL 322940 (N.D.Ill.1990), (quoting *Artesian Water Co. v. Government of New Castle County,* 659 F.Supp. 1269, 1276 (D.Del. 1987)). According to 42 U.S.C. 9607(a)(3), CERCLA defines responsible parties as:

> [A]ny person who by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, of hazardous substances owned or possessed by such person, by any other party or entity, at any facility or incineration vessel owned or operated by another party or entity and containing such hazardous substances. *Id.* at (a)(3).

Hence, according to the law under CERCLA, Plaintiff need only show that MIKE'S trans-

---

1. Congress amended CERCLA in October of 1986. *See* Superfund Amendment and Reauthorization Act of 1986, Pub.L. No. 99–499, 100 Stat. 1613. ("SARA"). Unless otherwise noted, SARA does not change those portions of CERCLA quoted in this opinion.

ported a hazardous substance to a facility for treatment in order to name MIKE'S as a defendant.

Rule 11, Fed.R.Civ.P. requires a pleading to be signed by a counsel of record, and counsel's signature constitutes a certificate by signor that the signer:

> [H]as read the pleading, motion, or other paper; that to the best of the signer's knowledge, information and belief formed after reasonable inquiry it is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law, and that it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation.

[1] If a pleading is signed in violation of the rule, the court, on motion or on its own initiative, "shall impose upon the person who signed it, a represented party, or both, an appropriate sanction, which may include an order to pay to the other party or parties the amount of the reasonable expenses incurred because of the filing of the pleading, motion, or other paper, including a reasonable attorney's fees." Rule 11 sanctions are mandatory if a court paper is signed in violation of the rule. *Souran v. Travelers Insurance Company,* 982 F.2d 1497 (11th Cir.1993). Thus, Rule 11 sanctions are mandatory when an attorney fails to make reasonable efforts to ensure that the signed pleading is well grounded in fact. *Alvarado–Morales v. Digital Equipment Corp.,* 843 F.2d 613 (1st Cir.1988).

█ Factually groundless allegations warrant Rule 11 sanctions. *Collins v. Walden,* 834 F.2d 961 (11th Cir.1987). However, the allegations in this case are not factually groundless. The facts at hand indicate that Plaintiff based its belief that MIKE'S transported a hazardous substance to a facility for treatment upon evidence it obtained prior to naming MIKE'S as a defendant. First, Plaintiff based the belief on a survey dated May 21, 1979, to which MIKE'S responded by advising the county it utilized the Site for disposal of septic and grease trap waste. Next, Plaintiff based its belief upon the fact that MIKE'S was a charge customer of the Site during the time in question. Also, Plaintiff based its belief on anticipation of obtaining further information during discovery from former and current employees who have information or knowledge supporting Plaintiff's belief.

█ Defendant argues Plaintiff's presuit inquiry was insufficient. The standard of inquiry for determining whether a pleading is well grounded in fact for Rule 11 purposes is "reasonableness under the circumstances." The Court should not indulge in hindsight but should test the signor's conduct "by inquiring what was reasonable to believe at the time the pleading" was submitted. *Donaldson v. Clark,* 819 F.2d 1551, 1555–56 (11th Cir.1987). "Like a snapshot, Rule 11 review focuses upon the instant when the picture is taken—when the signature is placed on the document." *Thomas v. Capital Security Services, Inc.,* 836 F.2d 866, 874 (5th Cir. 1988). The Court agrees with Plaintiff that the factual allegations of the pleadings were based upon an inquiry reasonable under the circumstances at the time counsel for Hillsborough County signed the pleadings. MIKE'S merely disputes the evidence offered by Plaintiff, but such a factual dispute does not warrant Rule 11 sanctions.

In the final analysis, Plaintiff may have been proven wrong, but erroneous interpretation of the law and facts does not warrant Rule 11 sanctions. "The central issue ... in evaluating reasonableness is whether a pleading states a colorable claim, not whether the pleader is ultimately correct in his interpretation of the facts and applicable law." *Duke v. Smith,* 141 F.R.D. 348 (S.D.Fla.1992). Therefore, Plaintiff's claim may have wrongly interpreted the facts, but the claim had a factual basis established after reasonable inquiry by Plaintiff, thereby precluding Rule 11 sanctions.

Accordingly, it is

**ORDERED** that Defendant's motion for sanctions pursuant to Rule 11 Fed.R.Civ.P. be denied.

**Done and Ordered.**